CHARLES H. VAN NESS, as Executor of LE ROY WHITAKER, Deceased, Appellant, *v.* J. ANDREW KENYON, Respondent.

Decedent's estate — limitation of action on claim rejected by an executor — uncompleted agreement to refer such claim — when such agreement does not estop executor from setting up short Statute of Limitations against such claim — when such statute a bar to a counterclaim set up against claim of estate.

1. Defendant having made a claim against the estate of which plaintiff is executor, plaintiff signed and served upon him the following notice: "You will please take notice that I doubt the justice and validity of your claim of $748.00 against the above named

estate, and I hereby dispute the same, and offer to refer it under the statute to some suitable and proper person as referee, to be approved by the surrogate, to hear and determine the same." *Held*, sufficient under section 1822 of the Code of Civil Procedure for the purpose of setting in motion the short Statute of Limitations.

2. After the notice disputing defendant's claims was served by the plaintiff no proceedings were actually taken to enforce them until this action was commenced; but, after service of the notice, a verbal agreement was made by the parties for a reference under section 2718 of the Code of Civil Procedure, and it was left to the defendant's attorney to prepare the proper papers for such reference. This, however, he did not do, although nearly three months elapsed between the date when it was thus agreed and the expiration of the short period of limitations, and thereafter the plaintiff insisted upon that statute as a defense to the claims. *Held*, that the parties contemplated that their oral stipulations should be consummated and made effective only by incorporation into written instruments; that the time was not extended thereby within which defendant must institute proceedings on his claim, and that the plaintiff is not estopped from setting up the statute.

3. The bar of the statute (Code Civ. Pro. § 1822) is effectual not only in a proceeding against an estate but is operative against a claim pleaded as a setoff in an action brought on behalf of an estate and a claim which has been properly rejected may not be used by way of counterclaim after the expiration of the statutory period.

*Van Ness* v. *Kenyon*, 151 App. Div. 948, reversed.

(Argued April 4, 1913; decided April 22, 1913.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered July 10, 1912, affirming a judgment in favor of defendant entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Harry L. Russell* for appellant. The notice served upon the respondent is sufficient, within the terms and meaning of section 1822 of the Code of Civil Procedure, to start in operation the short Statute of Limitations

therein provided. (*Matter of Jacobs*, 109 App. Div. 293; *Matter of Mudge*, 118 N. Y. Supp. 568; *Dawbarn v. Fleischmann*, 146 App. Div. 57; *U. C. Sav. Inst.* v. *Young*, 161 N. Y. 23; *Miller* v. *Longshore*, 147 App. Div. 214; *Clark* v. *Scovill*, 191 N. Y. 8; *Matter of Eichman*, 33 Misc. Rep. 322; *Matter of Scheetz*, 62 Misc. Rep. 166; *Snell* v. *Dale*, 17 N. Y. Supp. 576; *Cornes* v. *Wilkes*, 79 N. Y. 129.)

*Herbert Van Kirk* for respondent. Under the notice and circumstances of this case, the two counterclaims are not barred by the Statute of Limitations in section 1822 of the Code of Civil Procedure. (*Clark* v. *Scoville*, 191 N. Y. 8; *Dawbarn* v. *Fleischmann*, 146 App. Div. 57; *Nat. Bank* v. *Speight*, 47 N. Y. 668; *U. C. S. Inst.* v. *Young*, 161 N. Y. 33; *Hoyt* v. *Bonnet*, 50 N. Y. 543.) The plaintiff is estopped from insisting that his notice was a rejection under section 1822 and that the short statute has run. (*Payne* v. *Burnham*, 62 N. Y. 69; *Nat. Bank* v. *Speight*, 47 N. Y. 668; *Calahan* v. *McClure*, 47 Barb. 206.)

HISCOCK, J. The plaintiff, as executor of one Whitaker, brought this action to recover on three several claims which arose in behalf of the estate represented by him subsequently to the death of his testator. Two of these claims were not in any way disputed by the defendant, but he set forth in his answer three counterclaims alleged to have accrued against the testator during his lifetime, and upon which the verdict of the jury and the judgment now appealed from was and is in his favor. Plaintiff did not challenge the right of defendant to prosecute the said counterclaims in this action if otherwise valid, but by his reply contended and now urges that the same claims alleged as two of the counterclaims were presented to him as such executor as aforesaid after notice to creditors to present claims and that he rejected the same, and that

at the time of the commencement of this action they were barred by the so-called short Statute of Limitations because no agreement had been made and filed permitting the surrogate to pass thereon on the settlement of the executor's accounts, and no action thereon commenced as provided by section 1822 of the Code. It is conceded that a notice disputing such claims was served by the plaintiff, and that no proceedings were actually taken to enforce them until this action was commenced, but it does appear that after the alleged rejection of the claims a verbal agreement was made by the parties for a reference under Code of Civil Procedure, section 2718, and it was left to the defendant's attorney to prepare the proper papers for such reference. This, however, he did not do although nearly three months elapsed between the date when it was thus agreed and the expiration of the short period of limitations, and thereafter the plaintiff insisted upon such statute as a defense to the claims.

The questions, therefore, are presented whether plaintiff did make an effective rejection of the claims, and if so whether he is prevented by these negotiations for a reference or otherwise from invoking the statute.

Section 1822 of the Code, so far as applicable, provides: "Where an executor or administrator disputes or rejects a claim against the estate of a decedent, exhibited to him, * * * unless a written consent shall be filed by the respective parties with the surrogate that said claim may be heard and determined by him upon the judicial settlement of the accounts of said executor or administrator as provided by section twenty-seven hundred and forty-three, the claimant must commence an action for the recovery thereof against the executor or administrator, within six months after the dispute or rejection, * * *; in default whereof, he, and all the persons claiming under him, are forever barred from maintaining such an action thereupon, and from every other remedy to enforce payment thereof out of the decedent's property."

Section 2718 of the Code, so far as applicable, provides: "The executor or administrator at any time after the granting of his letters, may insert a notice * * * requiring all persons having claims against the deceased to exhibit the same, with the vouchers therefor. * * * If the executor or administrator doubts the justice of any such claim, he may enter into an agreement in writing with the claimant to refer the matter in controversy to one or more disinterested persons, to be approved by the surrogate. On filing such agreement and approval in the office of the clerk of the supreme court * * * an order shall be entered by the clerk referring the matter in controversy to the person or persons so selected. On the entry of such order the proceedings shall become an action in the supreme court."

The notice which the plaintiff signed and served upon the defendant concerning his demands read as follows:

" To J. Andrew Kenyon:

You will please take notice that I doubt the justice and validity of your claim of $748.00 against the above named estate, and I hereby dispute the same and offer to refer it under the statute to some suitable and proper person as referee, to be approved by the surrogate, to hear and determine the same."

It is in substance argued that this was not sufficient under section 1822 for the purpose of setting in motion the short Statute of Limitations, but that the claimant was fairly entitled to regard it as a notice under section 2718 whereby the executor simply indicated a doubt concerning the claim and a desire to refer it, and which action drew after it no unusual Statute of Limitations.

We are unable to agree with this view.

Section 1822 of the Code provides a penalty of the short Statute of Limitations for a case where the executor or administrator "disputes *or* rejects" a claim, and no agreement is made for a hearing by the surrogate. Wherever the section deals with the contingency in ques-

tion it speaks of a dispute *or* rejection of a claim. The two words are used as synonymous in describing the hostile attitude and action of an executor or administrator, and in fact they are inevitably so. If an executor disputes a claim it quite necessarily follows that he does not admit its validity but on the contrary rejects it. Likewise, if he rejects it, he certainly disputes it in a very practical way.

The notice which was served, independent now of the clause offering to refer, fully complied with the requirements of this section. The executor states in reference to the claim, " I hereby dispute the same." This certainly was a literal compliance with the section in question and a perfectly plain statement of his attitude, and this compliance and attitude were in no manner limited or weakened by the introductory statement of the executor that he doubted the justice and validity of the claim, because from a legal standpoint such doubt would necessarily be implied in a dispute or rejection thereof. Therefore, we have an express and sufficient dispute of the claim invoking the operation of the short Statute of Limitations, and this result was not in my opinion at all impaired because the executor, still further, offered to make a reference of the claim. There may be various reasons why an executor should prefer a reference of a disputed claim rather than some other course by which to determine its validity, and I see nothing which requires us to construe a dispute or rejection under section 1822 as inconsistent with or exclusive of an offer to refer under section 2718. If the parties had duly agreed upon such reference it would have become an action in the Supreme Court and thus the requirements of section 1822 would have been satisfied. (Section 2718.) The important, controlling fact is that because he doubted the justice and validity of defendant's claim the executor explicitly and plainly disputed the same and that circumstance of dispute set in operation the Statute of Limitations which is

now invoked, in the absence of escape therefrom by other procedure specified in the Code.

Nothing is found in the authorities cited in behalf of the defendant which forbids these views. The most that can be gathered from them is the principle, conceded and undisputed, that a notice of rejection or dispute must be unequivocal and plain. On the other hand, I think that the sufficiency of the notice for the purposes now urged is fully established. (*National Bank of Fishkill* v. *Speight*, 47 N. Y. 668; *Snell* v. *Dale*, 43 N. Y. St. Repr. 498; *Clark* v. *Scovill*, 191 N. Y. 8.)

In the last case the notice served by the executors like the present one contained an offer to refer the claim, and it was not believed that this in any way affected the efficacy of the notice. As was pointed out by Judge Chase in his opinion in behalf of the court, the notice of rejection enforced upon the claimant the pursuit of one of three remedies for the protection of his claim. He might accept the offer of the executor or administrator and make a reference, or within six months after the rejection of the claim commence an action, or within the same period enter upon a written consent that the claim be heard by the surrogate.

It is, however, urged that even if the notice was sufficient, the offer to refer, and negotiations for a reference which took place after service of the notice between the plaintiff and defendant, or their respective representatives, now estop plaintiff from setting up the short Statute of Limitations. The facts do not establish any such estoppel. As already stated, a verbal agreement was made for a reference of the controversy to a person named, but it was further agreed that the papers necessary to carry this stipulation into effect should be prepared by the defendant's attorney. Three months later and after the statute had run, the latter came with the papers thus prepared, but the plaintiff refused to sign and insisted upon the statute. The Code requires a

written agreement of reference, and the parties clearly contemplated that their oral stipulations should be consummated and made effective only by incorporation into written instruments. Their conduct does not rebut this idea; it expressly confirms it. Neither was anything done or said in these inchoate negotiations which sustains the thought that an unlimited time might be taken for actually making a legal and binding reference, and thereby the time extended within which defendant must institute proceedings on his claim. There is no element of real estoppel so far as I can discern, for it does not appear that the defendant has done or refrained from doing anything because of the incomplete parol arrangement.

Lastly it is contended that even though the short Statute of Limitations became operative it only prevented defendant from instituting affirmative proceedings for the enforcement of his claims and did not prevent him from utilizing them *pro tanto* as an offset for the purpose of extinguishing claims asserted by the estate against him. This view also we are unable to accept.

One of the purposes of the short Statute of Limitations is to compel claimants promptly to seek enforcement of their claims when rejected in order that there may be a speedy ascertainment at least of the liabilities of the deceased. This object would not be subserved but frustrated if the possessor of a disputed claim might remain inactive for the statutory period or ever longer and then attempt to enforce his demand in whole or part by advancing it as an offset to some claim made by the estate. For most practical purposes it would make no difference whether a claimant secured an affirmative judgment upon his demand or merely used it for offsetting and reducing assets of the estate. In the second place, the language of the Code on a fair construction is in my opinion opposed to any such distinction. It provides that under the conditions and default mentioned, a claimant shall be "forever barred from maintaining such

action thereupon (upon his rejected claim), and from every other remedy to enforce payment thereof out of the decedent's property."

The Code provides that a defendant may set up in his answer a counterclaim, and a counterclaim is defined (Section 501) as tending "in some way to diminish or defeat the plaintiff's recovery." When the claimant sets forth in his answer a counterclaim although he only seeks to utilize it in offsetting and defeating in whole or part a valid claim existing in favor of the estate, it seems obvious that he is to the extent mentioned pursuing a remedy whereby he enforces payment out of the decedent's property. His counterclaim or setoff is satisfied by crediting it on the adverse claim and in that way enforced out of the assets of the estate.

While there has been found no decision in our own state upon this precise point, I think that the law is settled upon an analogous question so closely related to the present one as to leave no doubt concerning the decision which should be made.

The ordinary Statute of Limitations concerning contract debts, for instance, provides "actions must be commenced within" six years. This language, it will be noted, is much less comprehensive in its limitations than that employed in section 1822. It simply limits the commencement of actions, and yet, so far as I am aware, it has never been believed that a promissory note which was so barred by the Statute of Limitations that an action could not be maintained upon it, might still be set up and enforced by way of counterclaim and offset. The contrary has been held and assumed. (*Ruggles* v. *Keeler*, 3 Johns. 263; *De Lavallette* v. *Wendt*, 75 N. Y. 579, 583; *Dieffenbach* v. *Roch*, 112 N. Y. 621, 627. See, also, 2 Wood on Limitations, p. 722.)

In other jurisdictions authorities are to be found deciding practically the same question now argued and adversely to the respondent's contention. (*Emson* v.

*Allen,* 62 N. J. L. 491; *Bell's Admr.* v. *Andrews,* 34 Ala. 538; *Patrick* v. *Petty,* 83 Ala. 420; *Jones* v. *Jones,* 21 N. H. 219; *Lyon* v. *Petty,* 65 Cal. 322.)

These views lead to a reversal of the judgment appealed from and a new trial, costs to abide event, unless respondent consents within twenty days to the disallowance of his second and third counterclaims and the award of a judgment of $59.20 in favor of plaintiff, in which case judgment is so ordered, with costs to the appellant in all courts.

CULLEN, Ch. J., WILLARD BARTLETT, CHASE, CUDDE-BACK, HOGAN and MILLER, JJ., concur.

Judgment accordingly.