[Civ. No. 122. Fourth Appellate District.—January 25, 1930.]

In the Matter of the Estate of M. G. DOUD, Deceased. C. A. SMITH, Appellant; v. OLIVE B. SMITH, Respondent.

Robert G. Hill for Appellant.

D. C. Bitler for Respondent.

BARNARD, J.—This is an appeal from an order settling and approving the final account of an administratrix. Olive B. Doud was appointed administratrix of the estate in question on December 23, 1921. Her final account was not filed until September 17, 1928. The appellant, a creditor of the deceased, filed exceptions to the several items in the account, and charged her with negligence, carelessness and bad faith, in delaying her final settlement. After a hearing, the court approved the account as filed, and this appeal is from that order.

The only record before us consists of the order appealed from, and a bill of exceptions setting forth certain evidence introduced at the hearing on the final account and containing a copy of a portion of the original inventory and appraisement and portions of two previous accounts filed by the administratrix, together with a few vague references to other proceedings in the estate not set forth or explained.

The bill of exceptions sets forth six specifications of error, which we will take up in order.

First, that the court erred in allowing the administratrix more than one annual premium of $37.50 on her bond as administratrix. This is based on the contention that the estate should have been closed in one year, and that the same was fully ready to be closed within that time. No specific evidence is pointed out to support this contention, other than the fact that the estate was not

closed for nearly seven years. On the other hand, the meager record before us shows that the estate contained both real and personal property, and that the real estate and a portion of the personal property were set aside to the widow as a homestead at some time not stated; that certain shares of stock in two banks, valued at over $5,000, were held by a creditor as collateral security for certain notes, and were later sold and the proceeds applied to these debts, but the time of the sale and the manner and the entire transaction leading up to the same are not disclosed by the record. The record shows that notice to creditors was published in 1921 and republished in 1925, the court having declared the first publication to be void, but nothing appears to show whether this was due to the fault of the administratrix or her attorneys or to other matters beyond their control. The record shows that certain claims, including the one of appellant here, were filed in 1922 and finally rejected in 1926 and 1927; and that a suit was filed and went to trial on the claim of this appellant. In this connection, it may be observed that appellant had the option to consider his claim rejected and act thereon ten days after it was filed. (Sec. 1496, Code Civ. Proc.) The bill of exceptions alleges that the estate is bankrupt. There is nothing in the record to show there was ever a time when the debts could have been paid. It appears that there was another 160 acres of land, which was owned by the administratrix and the deceased as joint tenants, and that a suit was filed in 1927 by appellant herein, against the estate and others, involving that land; that another suit was filed by appellant against the estate upon a promissory note in 1927; that two previous accounts had been filed by the administratrix and approved by the court after certain matters were stricken out, the record being silent as to what these matters were or how much controversy was involved in that result. It is apparent from the record that there has been much controversy in relation to the affairs of this estate from the beginning. Many assertions are made in appellant's brief that find no support in the short bill of exceptions. The record is in such shape that we cannot tell whether the estate should have been closed in one year or in any other definite time. Not only is the presumption in favor of the

action of the trial court, but such evidence as there is appears to support the same.

The second error claimed· is in the allowance of attorneys' fees. One attorney was allowed a fee of $240 in 1926, and a different attorney was allowed $175 upon the approval of the final account. There is nothing in the record to show what was the basis for the first allowance of $240, nor what evidence was before the court at the time. That particular account mentions receipts of $2,006 and apparently appellant contends that the attorney's fee should have been computed on that amount. It is possible the court allowed additional attorney's fees for special services or the court may have computed the attorney's fees on the total amount of the estate, including the portion which was set aside to the widow. This latter portion was a part of the estate, was to be accounted for by the administratrix, and the order setting it apart to her is a species of distribution. (*Estate of Miller,* 121 Cal. 353 [53 Pac. 906].) In reference to the last item of $175 allowed for attorney's fees, the attorney testified that he represented the administratrix in a suit filed against the estate upon a promissory note for $2,250, preparing for trial and appearing thereat; that he represented the administratrix in another suit in which she was sued as such administratrix; that on three or four occasions he appeared in the Superior Court in response to citations issued by the court for the appearance of the administratrix; and that he represented the administratrix at the contested hearing on the exceptions to the final account. Whether or not the court allowed this $175 attorney's fee entirely for special services cannot be determined from the record. However, if that be the case, we cannot say the evidence is not sufficient to sustain the order.

The third specification of error relates to the refusal of the court to charge the administratrix with compound interest after the first year of her administration of the estate. This is based upon the assumption that the estate should have been closed within one year and for the reason stated in commenting upon the first specification of error, this contention cannot be sustained.

It is next insisted that the court erred in allowing the administratrix a total of $100 for traveling expenses

from Los Angeles to El Centro, where the estate was being probated. It is stated that the administratrix moved to Los Angeles soon after her appointment, but how long thereafter is not alleged and there are no facts in the record that justify us in holding that the trial court was in error in this respect.

■ In the fifth specification of error, appellant objects to an item of $50, which was set out in an earlier account as having been made as a payment upon a sewing-machine, as a debt of the estate. This is objected to on the ground that the sewing-machine was set apart to the wife as exempt property. There is nothing in the record to show that it was not a proper debt of the estate, nor when the sewing-machine was set apart to the wife. The court approved the item at a hearing in 1926.

■ The last specification of error is an objection to the allowance of $127.50 for a hospital bill, it being argued that it was not a preferred claim against the estate. The item is objected to now for the first time, although it was approved by the court in 1926 at the hearing of a former account. In the excerpt from that account which is before us, it is included with the funeral expenses and would appear to be one of the expenses of the last illness of the deceased. There is nothing in the record to show the contrary. If this was the fact, it was, of course, a preferred claim. The appellant having failed to show any facts sustaining his contention, the action of the trial court must be upheld.

■ While the appellant makes a general charge of delay, negligence and bad faith against the administratrix, he has utterly failed to produce a record upon which his contention could be sustained as to any particular item of the account.

The order appealed from is therefore affirmed.

Sloane, P. J., and Marks, J., concurred.