[Civ. No. 12515. Second Dist., Div. One. Oct. 7, 1941.]

THE SAN FRANCISCO BANK (a Corporation), Respondent, v. STACIA ST. CLAIR, as Executrix, etc., Appellant.

Euler & Subith, Louis J. Euler and Fred E. Subith for Appellant.

Gordon M. Snyder and Raymond Haizlip for Respondent.

DESMOND, J. *pro tem.*—Appellant, executrix of the estate of Charles T. Burch, deceased, appeals from a judgment in the sum of $12,632.49, based upon the liability of decedent as an endorser upon two notes for $10,000 and $50,000 respectively. The notes were executed on April 18, 1932, by Western Hotel Company, a corporation, and were secured by a trust deed of certain Sacramento real estate. A default arose when the notes were not paid one year after date, to-wit: on April 18, 1933, but foreclosure was postponed until May 6, 1937. Mr. Burch died on October 5, 1933, and on October 30, 1933, under the terms of his will, Mrs. St. Clair, his principal legatee and beneficiary, was appointed executrix. She grounds her appeal upon the provisions of various statutes of limitation, including that portion of section 714 of the Probate Code which reads as follows:

"When a claim is rejected either by the executor or administrator or by the judge, written notice of such rejection shall be given by the executor or administrator to the holder of the claim or to the person filing or presenting it, and the holder must bring suit in the proper court against the executor or administrator, within three months after the date of service of such notice if the claim is then due, or, if not, within two months after it becomes due; otherwise the claim shall be forever barred. . . . "

On March 19, 1934, within the statutory period provided for the presentation of claims against the estate of a decedent, respondent presented to the appellant a claim in the usual form for $60,000, the face value of the notes. "Upon the receipt of that claim," to quote from appellant's brief, "the executrix took no action," but long afterward, on October 8, 1937, she mentioned the claim in her First and Final Account filed on that date, together with her Petition for Final Distribution. A copy of each document was served upon respondent's attorney, who had made a request for special notices under section 1202 of the Probate Code. In paragraph VIII of her account the executrix alleged that " . . . all of the claims presented to her by creditors have been paid and that all of the debts, obligations of said probate estate have been paid"; further, that the decedent "as an endorser" signed the two notes, above men-

tioned, due one year after their date and "secured by a deed of trust on the property of the Western Hotel Company . . . a corporation, signed by its president and secretary. That the San Francisco Bank, a corporation, filed its creditor's claim in the above entitled estate because of the contingent liability of Charles T. Burch, deceased, in the event of a deficiency judgment secured by the San Francisco Bank against the Western Hotel Company. That the contingent liability of Charles T. Burch, deceased, and of his estate, is now *eliminated and is null and void* for the reason that the San Francisco Bank, payee of said note, recorded its notice of breach and election of sale on January 13, 1937, a trustee's sale was held, and the property of the Western Hotel Company given as security was sold on May 6, 1937; that there was a deficiency at the time of sale in the sum of Eleven Thousand One Hundred Twenty-five and 03/100 Dollars ($11,125.03) but that more than ninety (90) days have elapsed from the date of the sale of said property, to-wit, on May 6, 1937, and no suit has been instituted by the payee of said note upon which to secure a deficiency judgment and that five (5) months have elapsed since the date of said sale." (Emphasis added.) Parenthetically we may say that the ninety day period above mentioned undoubtedly refers to the three months' statute of limitations set up by the provisions of subdivision 1, section 337, Code of Civil Procedure, and also of section 580a of the Code of Civil Procedure, both of which are hereinafter quoted, so far as pertinent, for discussion of points raised in this appeal.

On November 8, 1937, respondent filed exceptions and objections to said First and Final Account and to the Petition for Final Distribution, denying "that said claim was presented or filed because of any contingent liability of said decedent, and in this connection alleges that said claim was presented upon the independent liability of said decedent as an endorser upon said promissory notes. Denies that the liability of decedent upon said promissory notes was contingent, and denies that the liability of said decedent thereon is or has been eliminated, or is or has been null or void, for the reasons set forth in said First and Final Account, or for any reasons set forth in said First and Final Account, or for any other reason whatsoever. Admits that the San Francisco Bank recorded a notice of default on January 13,

1937, and that a trustee's sale of said real property was held on May 6, 1937. Admits that at said sale a deficiency resulted in the sum of $11,125.03. Denies that more than ninety (90) days elapsed from the date of said trustee's sale before action was instituted upon said notes for the recovery of a deficiency judgment, and in this connection alleges that on August 4, 1937, The San Francisco Bank filed an action in the Superior Court of the State of California, in and for the City and County of San Francisco, No. 275,402, entitled: 'The San Francisco Bank, a corporation, plaintiff, v. Western Hotel Company, a corporation, et al., defendants,' for the purpose of recovering a judgment against the defendants therein named for the said deficiency in the sum of $11,125.03.''

In these exceptions, the respondent denied, also, the allegation contained in the petition for final distribution ''that all the debts of said decedent and of said estate have been paid or discharged, and further denies that said estate is in a condition to be closed, for the reason that the debts of said decedent and said estate have not been paid. . . . Alleges . . . That said creditor's claim was filed in the sum of $60,000.00 . . . That said claim has never been rejected by said executrix; that The San Francisco Bank has never received any notice, in writing or otherwise, of any rejection of said claim. . . . That there is now due, owing, and unpaid from the above named decedent to The San Francisco Bank an absolute debt in the sum of $11,125.03, together with interest at the rate of six (6%) per cent per annum from May 6, 1937, no part of which has been paid. That a claim founded upon said debt was duly presented by The San Francisco Bank to said executrix in the manner and within the time prescribed by law, but that same has never been rejected nor paid.''

The present action praying for the amount of the deficiency was filed on June 7, 1938, seven months after the filing date, November 8, 1937, of respondent's exceptions and objections to the First and Final Account and Petition for Distribution. Appellant in her answer and in her brief relies upon this lapse of time to defeat the action under the bar created by section 714, Probate Code, *supra*, which, as will be noted, fixes three months after service of written notice of rejection of a claim as the time within which suit must be brought. In her answer the executrix denied ''that

said claim has not been rejected and further denies that defendant has received no notice in writing or otherwise of the rejection of said claim. On the contrary, defendant alleges that written notice of the rejection of said claim was served upon plaintiff's attorney . . . on or about the first day of November, 1937, by and through a First and Final Account and Petition for Distribution.'' Then follows a recital similar to that appearing in paragraph VIII of the account as hereinbefore quoted, concluding with the statement ''That the contingent liability of Charles T. Burch, deceased, and his estate is now eliminated and is null and void.''

It will be seen from this language that appellant contends that her declaration that the contingent liability of decedent was ''eliminated . . . null and void'' was, in effect, a rejection of respondent's claim, and we accept this view for it is not to be thought that an executrix would recognize or allow an invalid claim against the estate. It is true that the respondent, in its Exceptions and Objections to the Account, pointed out that the declaration of invalidity or nullity was based upon a false premise, namely, that suit to collect the deficiency had not been filed within three months from the date of foreclosure, to-wit, May 6, 1937, whereas in fact such a suit against the maker of the note (but not against the estate of the endorser), had been filed in the court at San Francisco on August 4, 1937. But this attempted refutation of the declaration of invalidity, and likewise respondent's denial that the claim was based upon a contingent liability, constituted nothing more than arguments or contrary views, which apparently produced no effect whatever upon the executrix. So far as she was concerned, if we may judge from the record, the status of the claim remained unchanged—in her expressed opinion, null and void and eliminated, as a liability against the estate, by process of law. It is clear from all this that she declined to pay it and respondent was advised of this situation during all of the ensuing three months but for some reason did not accept the rejection, and failed to file its action within the period provided by the statute. As a matter of fact, no waiting period need have elapsed, for section 712 of the Probate Code provides that if a claim is not approved within ten days after

presentation it may be treated as rejected by a creditor and suit filed thereon.

On the question as to whether the declaration of the executrix contained in her First and Final Account constituted a rejection, the New York case of *Van Ness* v. *Kenyon*, 208 N. Y. 228 [101 N. E. 881, Ann. Cas. 1914D, 221], is interesting. Section 1822 of the Code of Civil Procedure in that state fixes a six months' period for bringing suit when an executor or administrator "disputes or rejects a claim." In the Van Ness case the executor, in acting upon a claim, wrote the claimant, "I hereby dispute the same." Commenting upon this the court said, "If an executor disputes a claim, it quite necessarily follows that he does not admit its validity, but, on the contrary, rejects it." In the instant case the executrix, far from admitting the validity of the claim or any part thereof, contended and notified the claimant that the liability was "eliminated and is null and void."

Respondent states in its brief: " . . . it is the well-established practice for the representative of an estate, in rejecting a creditor's claim, to address to the creditor a direct, definite rejection thereof, something which purports to be a rejection; it is definitely not the practice for the estate to serve the claimant with a sheaf of documents purporting to be a First and Final Account and a Petition for Final Distribution . . . and later to advance the contention that the document so served constituted a notice of rejection of the creditor's claim." That is a correct statement, but in this case copies of the First and Final Account and Petition for Final Distribution were received and studied by the respondent, and objections, particularly to the proposed disposition of the claim, were filed by it, in response thereto. It cannot be said, therefore, that the claimant failed to receive written notice of the rejection of its claim. It is in somewhat the same position as the appellant in *Faias* v. *Superior Court*, 133 Cal. App. 525 [24 Pac. (2d) 567], who complained that the provisions of section 711 of the Probate Code, calling for an indorsement of approval or rejection upon the claim itself, had not been followed. In that case the court said: " . . . such an indorsement is but a manifestation of intention, and does not go to the essence of the thing done. . . . This provision, in our opinion, was adopted with a view to convenience, rather than substance; and any act in writing by the estate's

representative or by the judge sufficiently indicating an intention to reject or approve should, in so far as concerns the estate, be held to have the same effect as an indorsement upon the claim.'' (*Faias* v. *Superior Court, supra.*)

■ The code does not provide that any formal notice of rejection be served, but merely requires that the notice be in writing. There was nothing in the caption or title of the papers served by the executrix to indicate that a rejection of the claim was contained therein, and if the rejection had escaped the notice of respondent it might then be heard to say that it had not received such ''notice in writing'' as the statute contemplates. But as we have seen, such is not the case, and respondent is bound, therefore, by the three months' rule specified in section 714 of the Probate Code.

■ Appellant argues that certain other statutes of limitation would also require a reversal of the judgment, but with this we do not agree. It may be well to state the grounds of our disagreement.

In a demurrer filed in this action, it was maintained that suit was barred by the provisions of subdivision 1 of section 337, and section 580a of the Code of Civil Procedure. These two sections read as follows:

*Subd. 1, section 337, Code of Civil Procedure:* ''Within four years: 1. An action upon any contract, obligation or liability founded upon an instrument in writing, except as provided in section 336a of this code; provided that the time within which any action for a money judgment for the balance due upon an obligation for the payment of which a deed of trust or mortgage with power of sale upon real property or any interest therein was given as security, following the exercise of the power of sale in such deed of trust or mortgage, may be brought shall not extend beyond three months after the time of sale under such deed of trust or mortgage.''

*Sec. 580a, Code of Civil Procedure:* ''Deficiency judgment: Complaint in action for: Appraisal: Amount for which judgment may be rendered: Limitation of action: No judgment until after sale. . . .

''*Limitation of actions:* Any such action must be brought within three months of the time of sale under such deed of trust or mortgage. No judgment shall be rendered in any

such action until the real property or interest therein has first been sold pursuant to the terms of such deed of trust or mortgage, unless such real property or interest therein has become valueless.''

We have already stated that the notes which decedent endorsed fell due on April 18, 1933, and under ordinary circumstances the four year limitation set up in the opening words of subdivision 1 of section 337 of the Code of Civil Procedure would have barred this action on April 19, 1937, and thereafter. But by adopting chapter 5, Statutes of 1937, page 57, effective January 29, 1937, the legislature extended the period in which a suit such as this might be brought, to July 1, 1937, and later, at the same session, passed, in due time, another moratorium extending the period until the first day of July, 1939 (see section 19, chapter 167, Statutes of 1937, p. 460, Deering's Gen. Laws, 1937, Act 5101). This suit was filed June 7, 1938.

As will be noted, section 337 of the Code of Civil Procedure in subdivision 1 sets up a limitation also for bringing suit for a deficiency; namely a three months' period after a foreclosure sale. Section 580a of the Code of Civil Procedure lays down a similar rule. But, under the same moratorium laws which we have cited, a suit filed later than the three months specified in sections 337 and 580a of the Code of Civil Procedure but within the time prescribed by those acts is filed in time. (*Bakersfield etc. Co.* v. *J. K. McAlpine etc. Co.*, 26 Cal. App. (2d) 444 [79 Pac. (2d) 410]; *Everts* v. *Newhouse, Inc., Ltd.*, 28 Cal. App. (2d) 407 [82 Pac. (2d) 703].)

We hold, then, that the demurrer to the complaint was properly overruled by the trial judge who considered it.

■ The last remaining statute of limitations which appellant invokes, is section 353 of the Code of Civil Procedure, reading as follows:

'' . . . If a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof, and the cause of action survive, an action may be commenced against his representatives, after the expiration of that time, and within one year after the issuing of letters testamentary or of administration.''

This statute has no application in the instant case under the reasoning of the court in *McMillan* v. *Hayward*, 94 Cal.

357 [29 Pac. 774], wherein it is said, "The evident purpose of Section 353 is to secure to a party who has a cause of action against a decedent one year after the appointment of a legal representative within which to bring his action. This may or may not have the effect of extending the time. If it be necessary in order that such person shall have one year after the appointment of a legal representative, then suit may be brought after the expiration of the general limitation; otherwise this section does not have, nor was it intended it should have, any effect whatever upon his rights. *Such construction does not shorten his time, as limited by the general statute.* It simply leaves him to that statute, because it was not necessary to extend the time in order to give him his year." (Emphasis added.)

For the reasons presented in our discussion of the application of section 714, Probate Code, to the facts of this case, the judgment is reversed, and the case is ordered remanded with instructions to enter judgment in favor of the defendant executrix.

York, P. J., and Doran, J., concurred.

A petition for a rehearing was denied November 5, 1941. The application for an order to permit taking of additional evidence was amended upon the request of respondent, and, as so amended, was denied. Respondent's petition for a hearing by the Supreme Court was denied December 3, 1941. Houser, J., and Carter, J., voted for a hearing. Edmonds, J., did not participate therein.