[Civ. No. 14552. Second Dist., Div. Three. Sept. 11, 1944.]

Estate of LOUIS B. LAWRENCE, Deceased. DOROTHY HUESBY et al., Appellants, v. JAMES NAPOLEON LAWRENCE et al., Respondents.

William T. Selby and Lawrence Cobb for Appellants.

Edwin J. Miller and Benjamin Lewis for Respondents.

WOOD (Parker), J.—This is a motion to dismiss an appeal. Appellants were contestants in a contest of a will before probate, and respondents were proponents of the will. There

were two trials. In the first one the jury failed to agree and a mistrial was declared. In the second trial, before the court without a jury, it was ordered that the will be admitted to probate. As a part of the judgment it was ordered that respondents recover their costs from appellants. The amount of the costs was $481.30, and included the costs of respondents in the first trial. The judgment was entered July 6, 1943. No motion for a new trial was made. On July 20, 1943, appellants filed a motion to vacate that portion of the judgment allowing costs to respondents. The motion was heard on July 27, 1943, and was denied September 27, 1943. On November 2, 1943, appellants filed a notice of appeal from "that certain order made . . . in the above-entitled action upon the motion of the above-stated parties to Vacate Portion of Judgment of the Superior Court which Motion was heard on the 27th day of July, 1943, and which said Order was entered on the 10th day of September." The notice by the appellants to the clerk to prepare transcript on appeal also stated that the appeal was from an order entered on September 10, 1943. Neither the notice of appeal, nor the notice to prepare transcript on appeal, stated that the appeal was from the order filed September 27, 1943, denying the motion to vacate a portion of the judgment. The record does not show that any order was entered or made on September 10, 1943. It will be assumed that the appeal herein was from the order, filed September 27, 1943, denying the motion of appellants to vacate the portion of the judgment relating to costs. The record does not show that a notice of appeal from the judgment or any part of the judgment was filed. If the notice of appeal, above referred to, which was filed on November 2, 1943, could be interpreted as an appeal from the judgment entered on July 6, 1943, or a part thereof, it was not filed within the time allowed by law. Said notice of appeal, filed on November 2, 1943, was within sixty days from the date said motion to vacate was denied on September 27, 1943.

The motion to dismiss the appeal is made upon the ground that the order appealed from is not an appealable order.

Appellants assert that the portion of the judgment allowing costs was void, in that, the statute applicable to costs in a will contest before probate, section 1232 of the Probate Code, does not authorize an allowance of costs until the final

determination of the litigation, and the court was without jurisdiction to allow costs at the time of rendering judgment in the will contest herein. They assert further that the order appealed from was an appealable order, it being an order made upon a motion under section 473 of the Code of Civil Procedure to set aside a void portion of a judgment. Appellants cite section 963 of the Code of Civil Procedure, referring to the provision therein that an appeal may be taken "from any special order made after final judgment." They also cite cases, other than probate cases arising after the adoption of the Probate Code in 1931, which support their contention that an order denying a motion made under said section 473 to set aside a judgment is an appealable order.

The order from which the appeal herein was taken was, of course, an order made in a probate proceeding. The statements in the *Estate of O'Dea* (1940), 15 Cal.2d 637, at page 638 [104 P.2d 368], are applicable here: "Section 1240 of the Probate Code specifies the orders and judgment in probate from which an appeal will lie, and an order denying relief under section 473 of the Code of Civil Procedure is not one of the orders so specified. . . . The only exception to this general rule confining appeals from orders or judgments in probate to those specified in said section 1240 of the Probate Code is that an appeal will lie from an order granting or denying a motion for a new trial in those proceedings in probate in which motion is proper." It was further stated, on page 639: "Section 1240 of the Probate Code is simply the reenactment of subsection 3 of section 963 of the Code of Civil Procedure, and this court has on numerous occasions held that no appeal will lie from an order in probate denying relief under section 473 of the Code of Civil Procedure, or from any other order not specified in subsection 3 of section 963 of the Code of Civil Procedure, with the one exception above mentioned." (See, also, *Estate of Armstrong* (1937), 8 Cal.2d 204 [64 P.2d 1093]; *Estate of Green,* (1944),* (Cal. App.) [149 P.2d 58].) The order appealed from herein is not an appealable order.

The appeal is dismissed.

Desmond, P. J., and Shinn, J., concurred.

---

*In *Estate of Green* the Supreme Court granted a hearing on July 20, 1944. For the final opinion of the Supreme Court, see 25 Cal.2d 535 [154 P.2d 692].