[Civ. No. 19514. Second Dist., Div. Three. Apr. 1, 1953.]

Estate of JACOB H. WOOD, Deceased. WILLIAM R. EHNI, as Executor, etc., et al., Respondents, v. ANNA N. WOOD, Appellant.

Harry C. Mabry for Appellant.

Edward S. Shattuck, McCutchen, Black, Harnagel & Greene, Harold A. Black and William S. Lee for Respondents.

THE COURT.—Anna N. Wood gave notice of appeal from an order of the superior court in the matter of the estate of Jacob H. Wood, deceased, striking from the files a creditor's

claim against the estate which she had theretofore presented to the executors. The order was made pursuant to a motion of the executors to strike the claim upon the grounds that it was fictitious, sham, based upon a false allegation of lack of knowledge of notice to creditors, was an abuse of the processes of the court for the purpose of delaying distribution, and that the interests of justice would be served by striking it from the files. The motion was resisted and was heard upon voluminous affidavits, counteraffidavits and the testimony of one witness on behalf of the executors.

The respondent executors now move to dismiss the appeal upon the ground that the order sought to be appealed from is nonappealable, that the purported appeal is frivolous, and that the question presented by the appeal has become moot. Certain other individuals interested in the estate have joined in the motion.

It appears from the affidavits filed herein that after the order was made striking the creditor's claim, Anna N. Wood brought suit in the superior court upon said creditor's claim and the demand upon which the claim was based, which action is now pending. █ It is said in the points and authorities of respondents in support of the motion to dismiss that the action of the executors in moving to strike the claim was clear evidence of their intention to reject and disallow the claim and further: "Any act in writing by the executor or by a judge indicating an intention to reject a creditor's claim is tantamount to an indorsement of rejection on the claim. (*San Francisco Bank* v. *St. Clair*, 47 Cal.App.2d 194 [117 P.2d 703]); *Faias* v. *Superior Court*, 133 Cal.App. 525 [24 P.2d 567].) Hence the notice of motion to strike the claim filed by the executor in the estate coupled with the court's order granting the motion can hardly be interpreted as anything but a rejection of the appellant's claim." We agree. █ No appeal lies from an order rejecting a claim in probate, either under section 1240 of the Probate Code or any other code section specifying orders and judgments from which an appeal may be taken. The procedure is to bring suit under section 714 of the Probate Code. (*Miller* v. *California Trust Co.*, 15 Cal.App.2d 612 [59 P.2d 1035].) █ The motion to strike was a rejection of the claim by the executors and the order striking it from the files was, as conceded by respondents, merely a refusal to approve it, and adjudicated nothing as to the merits of the claim.

The appeal is dismissed.