[Civ. No. 19872. First Dist., Div. Two. Apr. 22, 1963.]

Estate of OPAL GWYNDOLA MIDDLETON, Deceased. HELEN SCHNIPPER et al., Claimants and Appellants, v. PAUL B. JENSEN, as Public Administrator, etc., Objector and Respondent.

[Civ. No. 19912. First Dist., Div. Two. Apr. 22, 1963.]

HELEN SCHNIPPER et al., Plaintiffs and Appellants, v. PAUL B. JENSEN, as Administrator, etc., Defendant and Respondent.

Garry, Dreyfus & McTernan and Charles R. Garry for Claimants, Plaintiffs and Appellants.

Keith C. Sorenson, District Attorney (San Mateo), Hardin, Fletcher, Cook & Hayes and Cyril Viadro for Objector, Defendant and Respondent.

SHOEMAKER, J.—These appeals stem from an automobile accident which occurred June 13, 1959. Opal Gwyndola Middleton was the driver of a car in which Helen Schnipper, Katherine Calori, and Thelma Pederson were passengers. Everyone in the car was injured when the car struck a concrete wall, the driver so badly she died the same day. On June 8, 1960, in the Superior Court of Alameda County, the passengers sued the estate of Opal Gwyndola Middleton, of which Paul B. Jensen was administrator, to recover damages for their injuries allegedly caused by the gross negligence of the decedent.

On June 10, 1960, plaintiffs Schnipper and Calori filed their creditors' claims against the Middleton estate, then under probate in San Mateo County. On June 14, 1960, both claims were rejected by the administrator for the reason that first notice to creditors of the estate had been published on October 25, 1959, and plaintiffs' claims had not been filed within six months of that date, as required by Probate Code, section 707.

On October 28, 1960, the administrator, in his capacity as defendant in the personal injury action, filed a motion for summary judgment against plaintiffs Schnipper and Calori. The sole ground for this motion was that neither of these plaintiffs had filed claims against the estate within the statutory period.

On November 2, 1960, plaintiffs Schnipper and Calori applied to the probate court, pursuant to Code of Civil Procedure, section 473, for an order relieving them "from the proceedings taken against them" and ordering their claims to be filed and treated as if filed within the statutory period. As grounds for this motion, plaintiffs filed affidavits of their attorney to the effect that he had telephoned the San Mateo County Clerk on April 11, 1960, within the time allowed for filing claims against the Middleton estate, and had inquired whether probate proceedings had been filed with respect to

that estate; that a deputy clerk informed plaintiffs' attorney that he had searched the records and found no such proceedings; that in fact a petition for probate had been filed by the public administrator and first notice to creditors had been published on October 25, 1959; that the deputy clerk had been unable to find any record of this proceeding for the reason that the estate had been registered under the name "Gwyn Middleton," rather than "Opal Gwyndola Middleton"; that plaintiffs' attorney relied upon the information given him by the deputy clerk and accordingly failed to file creditors' claims on behalf of either of the plaintiffs within the time allowed by statute. The affidavits further averred that no prejudice to the estate would result from the filing of the claims since defendant Middleton was fully covered by liability insurance and both plaintiffs stipulated and agreed to seek recovery only from the proceeds of such insurance.

On November 9, 1960, plaintiffs filed a similar affidavit in opposition to the motion for summary judgment, which was then pending in the Alameda County action.

On November 14, 1960, the probate court denied plaintiffs' motion to set aside the proceedings taken against them and to order their claims treated as if timely filed, from which plaintiffs appealed.

On November 30, 1960, a summary judgment in favor of defendant administrator against plaintiffs Schnipper and Calori was granted, and plaintiffs appealed from this order. For purposes of convenience, the two appeals have been consolidated for appellate review.

Turning first to the appeal from the probate order of November 14, 1960, in our opinion an appeal may not be taken from this order pursuant to Probate Code, section 1240. The order appealed from denied appellants' motion to relieve them "from the proceedings taken against them" and to order their claims treated as if timely filed. This motion was based upon Code of Civil Procedure, section 473, which authorizes the court to relieve a party "from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect." As of the date of appellants' motion, no order or proceeding, as such, had been taken against them. The only action which had occurred prior to that date was the rejection of appellants' claims by respondent administrator. We do not believe that this act of rejection constituted a "proceeding" from which relief could be granted pursuant to Code of Civil Procedure,

328

section 473. ▇▇▇ Our courts have repeatedly held that a probate order denying a motion made pursuant to Code of Civil Procedure, section 473, is a nonappealable order. *(Kramer v. Superior Court* (1950) 36 Cal.2d 159 [222 P.2d 874]; *Estate of O'Dea* (1940) 15 Cal.2d 637 [104 P.2d 368]; *Estate of Rouse* (1957) 149 Cal.App.2d 674, 679 [309 P.2d 34]; *Estate of Lawrence* (1944) 65 Cal.App.2d 706 [151 P.2d 574].)

▇▇▇ Appellants insist, however, that the relief actually sought by their motion was an order requiring their claims to be accepted by respondent administrator and treated as timely filed. Appellants assert that an order denying such a motion must be viewed as an order refusing to instruct or direct an administrator, which order is specifically made appealable under Probate Code, section 1240.

This argument is without merit. An order granting or refusing instructions of this nature does not qualify as an appealable order under Probate Code, section 1240. (See *Estate of Schechtman* (1955) 45 Cal.2d 50 [286 P.2d 345].) The relief which appellants were actually seeking was an order accepting or approving their claims, despite the fact that these claims had already been rejected by respondent administrator. ▇▇▇ We find no statutory authorization for the granting of such relief. Probate Code, section 714, provides that the holder of a claim which has been rejected by an administrator must bring suit upon the claim, in the proper court, against the administrator. In *Estate of Thomson* (1926) 76 Cal.App. 162 [244 P. 156], the rejected claimant did not choose to utilize this procedure, but applied to the probate court for an order requiring the administratrix to allow and pay his claim. The court stated: "[W]e find no authority in the statutes for a motion of this nature. Probate proceedings are special and must be strictly followed. Section 1498 of the Code of Civil Procedure [now Prob. Code, § 714] provides a complete method of action when a claim is rejected by the respresentative of an estate in probate and no provision is made therein for a proceeding of this kind." (Pp. 163-164.) Subsequent cases have reaffirmed the rule that Probate Code section 714, provides the exclusive method of enforcing a claim which has been rejected by an administrator or executor. ▇▇▇ The courts have also held that a claimant who ignores this procedure and applies directly to the probate court may not appeal from the order denying him the relief sought. *(Estate of Flint* (1936) 15 Cal.App.2d 299 [59 P.2d 609]; *Miller v. California Trust Co.* (1936) 15 Cal.App.2d 612,

616 [59 P.2d 1035]; *Estate of Wood* (1953) 117 Cal.App.2d 132 [254 P.2d 940].)

Turning next to the appeal from the order granting summary judgment against appellants in the Alameda County action, respondent contends that this appeal must also be dismissed because it was purportedly taken from the minute order granting summary judgment, rather than from the formal judgment subsequently entered. This contention is untenable. Rule 2(c) of the California Rules of Court* (tit. 1, div. I, ch.I) provides that "A notice of appeal filed prior to rendition of the judgment, but after the judge has announced his intended ruling, may, in the discretion of the reviewing court for good cause, be treated as filed immediately after entry of the judgment." (See *Evola* v. *Wendt Construction Co.* (1958) 158 Cal.App.2d 658 [323 P.2d 158].)

Passing to the appeal on its merits, we note that respondent's motion for summary judgment was based solely upon the ground that appellants' cause of action was barred, pursuant to Probate Code, section 707. In opposition to this motion, appellants filed the affidavit of their attorney to the effect that appellants' failure to file claims within the statutory period was the direct result of his reliance upon erroneous information given him by a deputy clerk for the County of San Mateo. Further, this affidavit contained a stipulation that appellants would seek no recovery against any of the assets of the estate and would have recourse only to the proceeds of such liability insurance as was carried by the decedent. Appellants now contend that the trial court abused its discretion by granting summary judgment in the face of this uncontradicted affidavit.

Probate Code, sections 700 and 707, provide that all claims against an estate for physical injuries must be filed (except under circumstances not here relevant) within six months of the first publication of notice to creditors. Section 707 specifically states that "any claim not so filed or presented is barred forever, unless it is made to appear by the affidavit of the claimant to the satisfaction of the court or a judge thereof that the claimant had not received notice, by reason of being out of the State. . . ." Appellants' affidavit admits that their claims were not filed within the statutory period. It contains no averment that appellants' failure to do so was caused by their absence from the state. Under such

*Formerly Rules on Appeal, rule 2(c).

circumstances, the trial court was powerless to find that the claims were timely filed. In *Hurlimann* v. *Bank of America* (1956) 141 Cal.App.2d 801 [297 P.2d 682], the plaintiffs, husband and wife, brought suit against an executor to recover damages for injuries sustained by the wife as a result of the negligent medical treatment of the decedent. The complaint alleged that the plaintiffs were unaware of this negligent treatment until the wife subsequently underwent an operation performed by other physicians. At the time of discovery, the decedent had been dead for seven months and the statutory period for the filing of claims against the estate had already expired. Plaintiffs' claims were thus filed several weeks too late, and the trial court sustained the demurrer of defendant executor without leave to amend upon the ground that plaintiffs' cause of action was barred under Probate Code, section 707. The judgment accordingly entered was affirmed on appeal, with the court noting that section 707 authorized the late filing of creditors' claims only in those instances where the claimant was absent from the state during the period of publication.

Similarly, appellants' misplaced reliance upon a deputy county clerk did not entitle them to an extended period in which to file their claims.

Appellants contend, however, that their failure to file timely claims against the estate ought to have been deemed of no consequence in the face of their stipulation that they would seek no recovery against the assets of the estate; that the question was not whether they had complied with Probate Code, section 707, but whether this section was applicable at all to a cause of action asserted solely against an insurance company. Appellants, in support of this argument, have been able to cite no authority in which section 707 has been held inapplicable for the reasons stated. They rely solely on the following language from *Preston* v. *Knapp* (1890) 85 Cal. 559, 561 [24 P. 811]: "The object of the statutory requirement of presentation and rejection of claims against estates, as a condition precedent to the commencement of suits upon them, is to save to estates of deceased persons the costs and expenses of useless suits,—suits to recover what would have been allowed and paid by the executor or administrator without suit." Appellants argue that the underlying purpose of the statute, as thus expounded, would in no way be furthered by barring their action.

Respondent, on the other hand, asserts that the language of

Probate Code, section 707, may not be construed in such a manner as to relieve a party from the duty to file his claim within the compulsory six months period in any instance other than that specified. In support of this argument, respondent directs this court's attention to a recent amendment to Probate Code, section 709, which formerly extended the requirements of section 707 to all those claimants who were plaintiffs in actions already pending against the decedent at the time of his death. Pursuant to a 1959 amendment, the following proviso was added to section 709: ". . . provided, if the action which is pending is an action for damages and the decedent was insured therefor and the insurer has accepted the defense of the cause and an appearance has been made in such action on behalf of the decedent, no claim shall be required except for amounts in excess of or not covered by such insurance." Respondent urges that since this amendment rendered the requirements of section 707 inapplicable only where a claimant has filed suit against an insured decedent prior to his death and the insurer has in fact accepted the defense, by necessary implication it follows that the filing requirements of section 707 must still be complied with in all cases which do not fall within the purview of the 1959 amendment to section 709.

This contention is clearly sound. Had the Legislature intended to exempt from the filing requirements all those claimants who were willing to seek recovery solely from the proceeds of the decedent's insurance, it could easily have accomplished this end by amending section 707. Instead, the Legislature amended only section 709, which deals exclusively with actions already pending against the decedent at the time of his death. The Legislature also added the requirement that the insurer have actually accepted the defense of the cause. It necessarily follows that in all other cases, the requirements of section 707 must be complied with in full.

Appellants were subject to the filing requirements of section 707; they have failed to show that they complied with the section or qualified under the exemption in favor of those claimants who were absent from the state during the period of publication, therefore the trial court properly granted summary judgment against them.

The attempted appeal from the probate order of November 14, 1960, is dismissed, and the judgment in favor of respondent in the Alameda County Superior Court action is affirmed.

Kaufman, P. J., and Agee, J., concurred.

Appellants' petition in Civ. No. 19912 for a hearing by the Supreme Court was denied June 19, 1963.