43 Cal.App.3d 334 (1974)
117 Cal. Rptr. 571
Estate of JOHN WHITTIER MOORE, Deceased.
JUDITH WRIGHT DI GIOVANNI, as Executrix, etc., Petitioner and Respondent,
v.
CHARLES E. MOORE III, as Executor, etc., Objector and Appellant.
Docket No. 34027.
Court of Appeals of California, First District, Division Two.
November 20, 1974.
*336 COUNSEL
Foley & Foley and James W. Foley for Objector and Appellant.
Campbell, Warburton, Britton, Fitzsimmons & Smith and R.C. Ackerman for Petitioner and Respondent.
*337 OPINION
TAYLOR, P.J.
On this appeal from an order overruling objections to the first and final account and petition for final distribution filed by the executrix of the estate of John Moore, the major questions are whether the trial court properly concluded that objections to the final account are not a proper method for contesting the rejection of a claim and that in any event, the action is barred by the special statute of limitations of Probate Code section 714. For the reasons set forth below, we have concluded that the trial court's rulings were correct and that this appeal must be dismissed as it was taken from a nonappealable order.
The facts were found as follows by the court below: On April 1, 1963, John W. Moore executed a promissory note payable on demand to Anne M. Lachmund, his mother, for $64,000, with 5 percent interest. John Moore died on January 9, 1965. His will was admitted to probate on February 16, 1965, and his widow, Judith Moore, appointed as executrix. Notice to creditors was published between February 23 and March 16, 1965. On March 30, 1965, Anne Lachmund filed a creditor's claim for $67,400, principal and accrued interest on the promissory note. Shortly thereafter, at an unknown date but prior to March 31, 1966, Judith approved Anne's claim in writing. The signed claim was never presented to the probate court for approval.[1]
On March 31, 1966, Judith listed the claim as "approved" in her inheritance tax affidavit. Accordingly, the inheritance tax appraiser included a deduction for the claim in his report, which was approved by the court when it made its order fixing inheritance tax. Judith also claimed a deduction for Anne's claim on the federal estate tax return.
Anne Lachmund died on August 27, 1968, leaving a will dated July 14, 1967, that made no mention of the indebtedness of her deceased son, John, or his estate. Thereafter, Anne's son, Charles, was appointed executor of her estate.
(1a) On August 26, 1969, Judith filed her first and final accounting and petition for distribution which stated: "That all claims against said estate have been paid, save and except the claim of Anne Lachmund in the sum of $67,400, the payment of which your petitioner is advised and believes, and therefore alleges, has been waived and forgiven by said claimant, and the payment of the same to close the estate is unnecessary." *338 No amended or supplemental documents disclaiming the deduction of Anne's claim for purposes of either the state inheritance tax or the federal estate tax were ever filed.
Charles received a copy of the accounting and petition for distribution and filed objections on the ground that Anne's claim had been approved in writing and had not been paid, and denied that Anne or anyone acting for her waived or forgave the claim, and also denied that payment of the claim was not necessary to close the estate.
The above-quoted statement in Judith's first and final accounting and petition for distribution constituted a rejection of Anne's claim and was so understood by Charles. Following this written notice of rejection, no suit was filed on Anne's claim by Charles, within three months, as required by Probate Code section 714.
The court then concluded: 1) an objection to the final account is not the proper method contesting the rejection of a claim; 2) the signing of the order fixing inheritance tax did not constitute approval of the claim by the court; and 3) Anne's claim was barred by the special three-month statute of limitations of Probate Code section 714.
Charles argues that his objections were proper as he was merely seeking an order directing payment of an allowed claim and was therefore entitled to a trial on the factual question of Anne's waiver.
Charles first maintains that Judith could not endorse Anne's claim as "allowed" and then not present it to the court for approval as Probate Code section 711 is mandatory.
Probate Code section 711[2] provides: "When a claim is presented to the executor or administrator before filing, he must indorse thereon his allowance or rejection, with the date thereof. If he allows the claim, it must be presented to the judge for approval, who must in the same manner indorse upon it his approval or rejection, and, if approved, it must be filed with the clerk within thirty days thereafter."
(2a) While the language of the above statute, when read by itself, appears to support the restrictive interpretation made by Charles, the same is not true when the section is read in the context of the entire statutory scheme for claims. As indicated in Faias v. Superior Court, 133 Cal. App. 525, 529 [24 P.2d 567], the endorsement, pursuant to section 711, is but a manifestation of intention and does not go to the essence of the thing *339 done.[3] Probate Code section 712 provides that if the personal representative does not act on a claim within 10 days, the claimant may choose to deem it rejected and institute an action on the debt (Estate of Doud, 103 Cal. App. 414 [284 P. 705]). However, the claimant is not bound to do so as he may well believe that his claim will be allowed and not require a separate action (Smith v. County of San Mateo, 57 Cal. App.2d 820 [135 P.2d 372]). If, however, the claimant does not act on the deemed rejection, but waits to receive written notice of rejection, his only course is to file an action within three months pursuant to section 714 (Estate of Wood, 117 Cal. App.2d 132 [254 P.2d 940]).
Estate of Hilde, 101 Cal. App.2d 41 [224 P.2d 765], and Estate of McKinley, 49 Cal. 152, 154, merely hold, in accord with section 713, that a personal representative cannot disallow a claim after it has been presented to and approved by the court. Section 713 also provides that a claim allowed by the personal representative and approved by the court is not binding on an heir and is subject to attack by any person interested in the estate.
However, if a claim has been originally rejected by the personal representative, the court may later be asked to approve it (Estate of Dobkin, 38 Cal. App.2d 276 [100 P.2d 1091]; Faias v. Superior Court, 133 Cal. App. 525 [24 P.2d 567]; Estate of Bette, 171 Cal. 583 [153 P. 949]). Since the court's order of approval is made ex parte, it may subsequently be set aside if the approval was given under mistake or inadvertence (Bryant v. Superior Court, 16 Cal. App.2d 556, 563 [61 P.2d 483]). In Hotel Park Cent. v. Security-First Bk., 15 Cal. App.2d 293 [59 P.2d 606], the court set aside an order approving a claim after the executrix showed it to be invalid. The proper procedure for the claimant is not to move to set aside the vacating order but to again present the claim so that it may either be allowed or rejected, and he may sue on it (Estate of Flint, 15 Cal. App.2d 299 [59 P.2d 609]).
(3) As this court (Division Three) pointed out in Claude T. Lindsay, Inc. v. Crocker-Anglo Nat. Bank, 207 Cal. App.2d 199, at page 203 [24 Cal. Rptr. 384]: "`"... that the allowance of a claim against a solvent estate is not equivalent to an ordinary judgment. It is a judgment only in a qualified sense, and does not attain the force and dignity of an absolute judgment until an order of court is made directing the executor or administrator to pay it. Until then it is simply an acknowledged debt of the estate, bearing interest at the contract rate...."'"
*340 (2b) The trial court properly concluded that since Anne's claim was never presented to the court, the personal representative could properly reject it.
(1b) Charles next contends that the court below erred in interpreting the language of the petition for first and final account and petition for distribution as the requisite written notice of rejection of Anne's claim, pursuant to section 714, set forth below, so far as pertinent.[4]Faias v. Superior Court, 133 Cal. App. 525, 528 [24 P.2d 567], held that any act in writing by the representative of the estate satisfied the notice requirement of section 714. In San Francisco Bank v. St. Clair, 47 Cal. App.2d 194 [117 P.2d 703], as in the instant case, the rejection was first served on the claimant by the representative's first and final account and petition for distribution. In rejecting an identical argument, the court said at page 201: "The code does not provide that any formal notice of rejection be served, but merely requires that the notice be in writing. There was nothing in the caption or title of the papers served by the executrix to indicate that a rejection of the claim was contained therein, and if the rejection had escaped the notice of respondent it might then be heard to say that it had not received such `notice in writing' as the statute contemplates."
(4) As the written notice required by section 714 was given and no timely action commenced, it follows that the trial court properly concluded that Anne's claim was forever barred by the three-month provision of the statute. As indicated in Estate of Middleton, 215 Cal. App.2d 324 [30 Cal. Rptr. 155], section 714 provides the exclusive method of enforcing a rejected claim. Also in accord are Jones v. Walden, 145 Cal. 523 [78 P. 1046]; Lobrovich v. Georgison, 144 Cal. App.2d 567 [301 P.2d 460]; San Francisco Bank v. St. Clair, 47 Cal. App.2d 194 [117 P.2d 703]. As Charles never commenced a timely action to litigate the merit of Anne's claim, the court properly concluded that his objections to Judith's first and final account and petition for final distribution were not the proper method of raising the matter (Estate of Middleton, supra).
Charles also contends that a personal representative cannot use a claim to reduce the estate's state inheritance and federal estate tax liability and then disallow it. We need not discuss this contention in detail. (5) As the court below indicated, even if a claim is used to reduce the tax liability, *341 if its invalidity subsequently develops, as occurred here, the executrix must reject it as invalid (Fontana Land Co. v. Laughlin, 199 Cal. 625 [250 P. 669, 48 A.L.R. 1308]). As to any commission of tax frauds, neither the taxing authorities nor the claimant is without independent remedies.
(6) We turn next to the contention that the court below approved Anne's claim when it signed the order fixing the inheritance tax on the basis of the inheritance tax appraiser's report that showed only the total debts and allowed claims. We think this contention was fully discussed in the well-reasoned memorandum opinion of the court below. When the court signed the order fixing inheritance tax, it did not have before it the inheritance tax affidavit that showed Anne's claim as allowed. Thus, the court had no reason whatsoever to believe that by signing the order fixing tax, it was approving a claim for $67,400 that had not previously been submitted. Accordingly, the court did not know that it was acting on a claim when it signed the order fixing inheritance tax.
This interpretation is in accord with section 711 that gives the court the power to reject, as well as approve, a claim; section 705 which requires an affidavit to support each claim, as well as section 708, which gives the court discretion to examine witnesses and hear evidence on a claim. We conclude that the trial court properly concluded that Anne's claim was not approved by the signing of the order fixing inheritance tax.
Finally, we turn to the authorities that have led us to conclude that the instant appeal must be dismissed.
(7) It has long been settled that there is no right to appeal from any orders in probate except those specified by section 1240. The statute is exclusive (Estate of Bissinger, 60 Cal.2d 756, 759 [36 Cal. Rptr. 450, 388 P.2d 682, 19 A.L.R.3d 506]; Orth v. Superior Court, 244 Cal. App.2d 474 [53 Cal. Rptr. 156, 25 A.L.R.3d 1348]), and much narrower in its scope than Code of Civil Procedure section 904.1. (6 Witkin, Cal. Procedure (2d ed.) Appeal, § 95.) Neither an order overruling objections to an account nor an order rejecting a claim are specifically mentioned in the statute. (8) Estate of O'Connor, 200 Cal. 646 [254 P. 269], held that an order overruling objections was not appealable, and Estate of Middleton, 215 Cal. App.2d 324 [30 Cal. Rptr. 155], and Orth v. Superior Court, supra, most recently held that there is no right to appeal from an order rejecting a probate claim. Thus, there is no need to discuss the contention that the order of the court below was appealable as one directing or allowing the payment of a debt. The relief sought, in fact, was an order approving *342 Anne's claim which had already been rejected (cf. Estate of Middleton, 215 Cal. App.2d 324, 328 [30 Cal. Rptr. 155]).
It follows that the instant appeal must be dismissed, and it is so ordered.
Kane, J., and Rouse, J., concurred.
Appellant's petition for a hearing by the Supreme Court was denied January 29, 1975.
NOTES
[1] As the court below noted in its memorandum opinion, the signed claim remained in the possession of the attorney for the estate.
[2] All subsequent references are to the Probate Code unless otherwise indicated.
[3] Thus, a rejection of a claim is merely a refusal to approve it and adjudicates nothing as to the merits of the claim (Estate of Wood, 117 Cal. App.2d 132, 133 [254 P.2d 940]).
[4] "When a claim is rejected either by the executor or administrator or by the judge, written notice of such rejection shall be given by the executor or administrator to the holder of the claim or to the person filing or presenting it, and the holder must bring suit in the proper court against the executor or administrator, within three months after the date of service of such notice if the claim is then due, or, if not, within two months after it becomes due; otherwise the claim shall be forever barred."