[Civ. No. 10705. First Appellate District, Division Two.—June 29, 1938.]

HENRY E. PASSOW, Appellant, v. JOHN BELL, Respondent.

Robert E. Hatch for Appellant.

Samuel G. Holcenberg and Jerome L. Schiller for Respondent.

NOURSE, P. J.—This matter is before us on an appeal from an order denying plaintiff's motion to issue execution

under section 685 of the Code of Civil Procedure, and on a motion to dismiss the appeal.

In February, 1928, plaintiff had judgment against defendant in the sum of $1,000. Repeated efforts to make collection under the judgment failed. The defendant was a police officer of the city and county of San Francisco, and successfully resisted levy under the provisions of section 710 of the Code of Civil Procedure. In April, 1928, upon motion of the defendant, the trial court ordered defendant's salary released from the effects of the judgment upon the ground that his entire income was necessary for the support of himself and wife. This was done on defendant's showing that he had no income other than his salary of $200 a month, a pension from the federal government of $25 a month, and a small equity in his home which he was purchasing under an instalment contract. In November, 1936, defendant's wife died. In his petition for letters of administration the defendant averred that he and deceased owned community real property of the value of $5,000, community personal property, an automobile valued at $900, and cash in savings accounts of $1600. During the period mentioned defendant had no visible income other than the $225 a month which he received in salary and pension, and, during the five years following the entry of the judgment, defendant's counsel informed plaintiff that there was no use in attempting to enforce the judgment.

All these facts appear in the affidavit of plaintiff's counsel filed in support of his motion for leave to issue execution. They are not controverted in any material respect. There was no showing by the defendant that the delay in seeking execution had caused him any prejudice or harm. To the contrary, the evidence is that it was of material and substantial benefit to him. The whole case before the trial court was that the defendant, relying upon his official position, had, either through trickery or false swearing, or both, deliberately deceived the plaintiff as to his financial condition and thus escaped the penalties of the judgment.

On such a case the legal discretion lodged with the trial judge demands the issuance of the writ prayed for. This principle is clearly pronounced in *McClelland* v. *Shaw*, 23 Cal. App. (2d) 107 [72 Pac. (2d) 225], where numerous cases to the same effect are cited with approval. We are in

entire accord with the doctrine of these cases and with the statement in the McClelland opinion in reference to the dissenting opinion of Mr. Justice Houser in *Williams* v. *Goodin,* 17 Cal. App. (2d) 62 [61 Pac. (2d) 507].

▮ The motion to dismiss the appeal presents a peculiar set of circumstances. After the order appealed from was entered, the appellant in due time presented and filed his proposed bill of exceptions. Thereafter the respondent consented in writing to the settlement of the bill. Before the trial judge had acted, and while the proposed bill was on his desk for settlement, the respondent appeared before the judge of another department and moved that the proceedings to settle the bill be terminated on the ground that no proposed bill was *pending*. The judge of that department, without knowledge of these proceedings, granted the order. Thereafter the trial judge, without knowledge of the latter order, settled the bill. This was duly certified by the trial judge and by the clerk. The motion to dismiss is made on the ground that the bill of exceptions was "inadvertently" settled by the trial judge because of the proceedings in the other department above noted.

A duly certified copy of the bill of exceptions is now a part of the records of this court, and we also have on file the written stipulation or consent of the respondent notifying the trial judge that he might settle the bill just as it has been settled and certified, except as to a minor typographical error. A previous motion to dismiss the appeal was made upon the same grounds, and denied by this court without opinion. Our reasons for the former order were that after a proposed bill has been duly filed with the clerk and delivered to the judge, no duty is imposed upon the appellant to compel the judge to act. Section 650 of the Code of Civil Procedure clearly provides that: "When received from the clerk, the judge *must* designate the time at which he will settle the bill, and the clerk *must* immediately notify the parties of the time so designated. At the time designated the judge *must* settle the bill, which must thereupon be engrossed. Within ten (10) days *after the settlement* the party who filed the bill must present it to the judge to be certified." (Emphasis added.) It will be noted that the section does not specify the time within which the trial judge must fix the date for settlement of the bill, that the duty of the trial

judge is made mandatory, and that no provision of the Code authorizes or recognizes a termination of these proceedings while the matter is so pending. The order made by another department of the court attempting to terminate these proceedings while the proposed bill was on the desk of the trial judge was but an idle act, finding no judicial authority in either the statutes or the rules. Hence, unless the trial judge dismisses the proceedings for settlement for some cause other than his own failure to act, the rights of the parties are defined by the code section.

Respondent now argues that appellant's only remedy is by appeal from the order terminating the proceedings and that, so long as that order stands, the settlement and certification by the trial judge must be deemed "inadvertent". As we have said, the trial judge merely performed the duty enjoined upon him by the code section and such action cannot be termed "inadvertence". The appeal from the order of termination can result only in a reversal. Then the cause would come to us again on the merits. There is no justification for such delay when we have a complete record now before us upon which the entire cause can be determined. The respondent does not attack this record as incomplete or incorrect in any particular. There is no merit in the position assumed by the respondent that his former express consent to the settlement should now be deemed waived.

The motion to dismiss the appeal is denied. The order appealed from is reversed.

Sturtevant, J., and Spence, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 25, 1938.