[Civ. No. 16679.   Second Dist., Div. Three.   Apr. 15, 1949.]

LOUIS L. SERNA, Respondent, v. JOSEPHINA SERNA, Appellant.

William H. Brawner and Robert M. Newell for Appellant.

No appearance for Respondent.

VALLÉE, J.—On March 24, 1939, plaintiff was awarded a final decree of divorce from defendant. The decree provided that plaintiff pay defendant for the support and maintenance of a minor child $15 per month. On March 28, 1948, defendant filed a notice of motion for an order directing the issuance of a writ of execution to enforce payment of sums unpaid for the support of the child between August 15, 1940, and June 1, 1942. The motion was denied. Defendant appeals.

The motion was heard on the uncontradicted affidavit of defendant. There was no counteraffidavit filed although plaintiff was represented by counsel on the hearing of the motion. He has not made an appearance here.

The facts stated in defendant's affidavit are: Plaintiff made the payments until August 16, 1940. About October, 1940, and repeatedly thereafter she asked plaintiff for support and maintenance for the child as ordered by the court. He informed her he had no money and could make no further payments. Some time thereafter plaintiff disappeared and she was unable to locate him. She was without any funds with which to collect the payments from plaintiff and plaintiff represented to her that he was without funds. He made no payments after August, 1940, until a writ of execution was issued on June 19, 1947. The writ was retroactive to June 15, 1942, but the payments accruing from August 16, 1940, through June 1, 1942, are unpaid. After procuring the writ of execution defendant had the order modified to provide an increase in the award for the support of the child. At the hearing on the order to show cause re modification defendant learned for the first time, through the testimony of plaintiff, that he had been in the armed forces during the war and that after his discharge in late 1943 or early 1944 he began the operation of a bar and dance hall and reported a net income for tax purposes of from $8,000 to $10,000 a year for the years 1944, 1945, and 1946. Plaintiff made no allotment for the support of the child while he was in the service.

Appellant contends that the trial court abused its discretion in denying the motion. ■ A trial court may order the issuance of a writ of execution after the lapse of five years from the date of unpaid installments of a support award "after due notice to the judgment debtor accompanied by an

affidavit or affidavits setting forth the reasons for failure to proceed in compliance with the provisions of section 681 of this code.'' (Code Civ. Proc., § 685, *Wolfe* v. *Wolfe,* 30 Cal.2d 1 [180 P.2d 345].) Section 681 provides that a party may have execution issued within five years after entry of judgment. ▆ Such an order may be made only if, during the five years after the last installment was paid, the judgment creditor exercised due diligence in locating and levying on property owned by the debtor, or in following available information to a point where a reasonable person would conclude that there was no property within that time. Whether diligence has been exercised depends on the circumstances. The applicant for the writ need not always show that an unsuccessful attempt was made to locate and levy on property of the judgment debtor. (*Passow* v. *Bell,* 27 Cal.App.2d 360 [81 P.2d 224]; *Atkinson* v. *Atkinson,* 35 Cal.App.2d 705 [96 P.2d 824]; *Troendle* v. *Clinch,* 74 Cal.App.2d 480 [169 P.2d 55]; *Long* v. *Long,* 76 Cal.App.2d 716 [173 P.2d 840].)

▆ In the present case the facts presented by appellant stand uncontradicted. They are sufficient to show that appellant·was diligent. They are adequate justification for appellant's attempt to collect the payments accruing under the decree within five years after they became due. It is the intent of the law, and of good morals as well, that everyone being able should pay his debts. This principle is peculiarly applicable to a debt arising from a decree awarding support for a minor child. (*McClelland* v. *Shaw,* 23 Cal.App.2d 107 [72 P.2d 225].) Respondent has property which should be applied to the payment of his debt. He has not been injured by any delay. We are unable to find any sound reason supporting the order. We are satisfied that the order is so plainly erroneous as to amount to an abuse of discretion.

The order is reversed and the superior court is directed to issue a writ of execution upon the decree in question.

Shinn, P. J., and Wood, J., concurred.