[S. F. No. 18847.   In Bank.   Oct. 26, 1954.]

MINNIE C. GEORGISON, Respondent, v. GEORGE GEORGISON, Defendant; HELEN GEORGISON, as Executrix, etc., Appellant.

Crist, Stafford & Peters and John M. Brenner for Appellant.

Forrest E. Macomber and Gordon J. Aulik for Respondent.

GIBSON, C. J.—On January 26, 1924, plaintiff obtained an interlocutory decree of divorce from George Georgison which ordered him to pay her $6.00 a week for her support and $6.00 a week for the support of their minor son, and these provisions were incorporated in the final judgment which was entered on February 2, 1925. Georgison died in May 1952, and in November plaintiff moved for leave to file a claim against his estate for unpaid alimony which accrued prior to plaintiff's remarriage in February 1925, and for the unpaid balance of support payments which became due before the son reached his majority in March 1944. After a hearing the motion was granted, and Georgison's executrix, his second wife, has appealed.

During February 1924 plaintiff caused Georgison to be confined in the San Joaquin County Jail for failure to pay support. Shortly thereafter Georgison left for Europe, where he remained for approximately one year before returning to the United States. Plaintiff made numerous attempts to locate him but was unable to do so until 1939, at which time he told her that he could only afford to give her $15 a month. Georgison paid plaintiff at that rate until 1941 when he discontinued making any payments.

Georgison and his second wife were living in San Francisco in 1940, and plaintiff heard that they had four houses there. She asked her attorney to make an investigation, and he reported that he could not locate any property in Georgison's name. Plaintiff telephoned Georgison at least two or three times a year from 1941 until he became seriously ill in December 1950, asking him to pay her something on account of his obligation, and he always told her that he was unable to work and that he "had nothing." In 1948 Georgison moved to Sunnyvale and lived there on property owned jointly by himself and his second wife but which appeared of record in the name of Mihaljevic. There was evidence that Georgison used several aliases, including Mihaljevic, Engleson and Wilson, and it may be inferred that he did so for the purpose of concealing property from plaintiff.

Section 685 of the Code of Civil Procedure* provides in

*Section 685 of the Code of Civil Procedure provides, in part: "In all cases the judgment may be enforced or carried into execution after the

effect that a judgment creditor may be granted leave to enforce his judgment after the lapse of five years from its entry upon proof of the reasons for his failure to do so within the five year period. ■ Under this section the creditor may be permitted to present a claim against a deceased debtor's estate upon a showing that he exercised due diligence in attempting to locate property owned by the debtor. (*Lohman* v. *Lohman*, 29 Cal.2d 144, 148-149 [173 P.2d 657].) ■ Whether or not a creditor has exercised such diligence is for the trial court to determine, and its decision will not be disturbed on appeal in the absence of a clear abuse of discretion. (*Di Corpo* v. *Di Corpo*, 33 Cal.2d 195, 200 [200 P.2d 529]; *John P. Mills Organization, Inc.* v. *Shawmut Corp.*, 29 Cal.2d 863, 865 [179 P.2d 570].) ■ There is no claim that there was lack of diligence prior to 1939 when plaintiff was finally successful in locating Georgison, and the trial court could conclude that in view of all the circumstances plaintiff used reasonable diligence after that date as well as before. We find no abuse of discretion.

The order is affirmed.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.

Appellant's petition for a rehearing was denied November 24, 1954.

---

lapse of five years from the date of its entry, by leave of the court, upon motion, and after due notice to the judgment debtor accompanied by an affidavit or affidavits setting forth the reasons for failure to proceed in compliance with the provisions of section 681 of this code. The failure to set forth such reasons as shall, in the discretion of the court, be sufficient, shall be ground for the denial of the motion.'' Section 681 provides for issuance of execution as a matter of right within five years from the time of entry.