[Civ. No. 16889. First Dist., Div. Two. Sept. 24, 1956.]

MINNIE C. LOBROVICH, Appellant, v. HELEN GEORGI-SON, as Executrix, etc., Respondent.

Forrest E. Macomber and Gordon J. Aulik for Appellant.

Crist, Peters & Donegan for Respondent.

THE COURT.—Minnie C. Lobrovich, formerly Minnie Georgison, appeals from a judgment holding that her action against the executrix of the estate of her deceased first husband George C. Georgison to establish her claim in said estate was barred by the provision of section 714 of the Probate Code, which requires such suit to be brought within three months after the date of written notice of the rejection of the claim. The facts are undisputed.

The claim was for allegedly unpaid alimony accrued before plaintiff's remarriage in February, 1925, and child support accrued before her son reached his majority in March, 1944, both under an interlocutory decree of divorce obtained by plaintiff in Alameda Superior Court in 1924, and the final decree obtained in 1925. The claim was filed with the county clerk of Santa Clara County, where the will of the deceased was in probate, on December 14, 1952, and a copy was mailed to the attorneys of the executrix, the second wife of deceased. The executrix on December 15th instructed her attorneys to "deny" said claim. On December 17th the Alameda Superior Court on plaintiff's motion ordered that execution issue on the divorce judgment and leave was granted to file creditor's claim in the estate of George C. Georgison. On December 19, 1952, the attorneys for the executrix mailed a letter to the attorneys of plaintiff, which letter the court below considered

a notice of rejection of claim and which will be stated hereafter in detail. Enclosed was a copy of the order of December 17th and copy of a notice of appeal therefrom. This letter was received by plaintiff's attorney on December 22d. On this same date the appeal from the order of December 17th was filed. On December 23d a more detailed order to the same effect as the order of December 17th was filed in the Alameda Superior Court. On February 6, 1953, a supplement to plaintiff's claim reciting the order granting leave was filed with the Santa Clara county clerk. After the letter of December 19th, there were settling negotiations between the attorneys of the parties which ceased after letters exchanged on February 12 and 13, 1953. The present action was filed April 6, 1953, more than three months after receipt of the letter of December 19, 1952. Trial in said action was continued until after the appeal of the order granting leave had been decided in favor of plaintiff-petitioner (*Georgison* v. *Georgison*, 43 Cal.2d 550 [275 P.2d 3]), and the remittitur had come down on November 26, 1954.

Appellant contends that the three-month period of Probate Code, section 714, did not begin to run because her claim had not been rejected in the manner provided for by Probate Code, section 710, and because the letter of December 19, 1952, was not a notice of rejection as contemplated by section 714; that the running of the statute was tolled pending the appeal from the order of the Alameda Superior Court; that respondent executrix was estopped from relying on the statute because of continuing settlement negotiations and that it was error to strike testimony of plaintiff's attorney that he attached no significance to the letter of December 19th as a notice of rejection and deemed it solely a letter inviting negotiations. We have concluded that none of these contentions can be sustained.

█ It is conceded that the executrix did not file with the clerk her rejection in writing as provided for in section 710. However, section 714 does not contain a term of three months from the date of the filing of such rejection in writing but from the date of written notice to the claimant for which section 714 itself provides. The effect of failure to file a rejection in writing with the clerk in accordance with section 710 is not contained in the probate code or decided in any case known to us. With respect to section 711, which regulates the alternative statutory method, the presentation of the claim to the representative himself, and which provides for indorse-

ment of the rejection with the date thereof on such presented claim, it has been said that such indorsement of rejection is not essential and that any act in writing indicating an intention to reject would have the same effect. (See *Faias* v. *Superior Court*, 133 Cal.App. 525, 528 [24 P.2d 567].) Accordingly, it was held in *Estate of Wood*, 117 Cal.App.2d 132 [254 P.2d 940], that a motion of executors to strike a creditor's claim was a rejection of said claim to be followed by a suit under section 714, and in *San Francisco Bank* v. *St. Clair*, 47 Cal.App.2d 194 [117 P.2d 703], that a statement that a contingent liability claimed ''is now eliminated and is null and void'' contained in the first and final account and petition for distribution of the executrix, which statement did not escape the notice of the creditor, was a notice in writing of rejection which started the running of the three months' statute of section 714, although otherwise the executrix had taken no action on the claim. We hold that the same principle must be applied to the filing with the clerk of a rejection in writing under section 710. This form of rejection has no greater intrinsic importance than the indorsement of the rejection on a claim presented to the representative. The claim with rejection need not even be presented by the clerk to the judge in contradistinction to a claim allowed by the representative (§ 710 *supra*).

The material text of the letter of December 19, 1952, the sufficiency of which as a notice of rejection is in dispute, reads as follows:

''Re: *Georgison* v. *Georgison No. 74985*

''Gentlemen:

''Enclosed is the order and the appeal therefrom in the above entitled matter. Also, I am in a position now to apprise you of what is really at stake in this controversy. As you will be notified, if you have not already received copy, the inventory in this estate totals $6,525.00. There is also a claim in this estate of $50,000.00 arising out of an automobile accident in which the deceased husband was involved prior to his death. There is some insurance on this matter and it may be that the estate will not be diminished by that claim. However, that remains to be seen.

''As your claim has been rejected, no doubt you are planning suit against the estate and since the defenses are so strong and the feeling equally strong, I can honestly predict that if we do not prevail in successfully resisting your suit, an appeal

from it will be inevitable. With an estate this size, obviously it is a losing proposition for Mrs. Lobrovich.

"I have in mind a realistic approach to this thing and I think you will agree the sensible thing to do is to get Mrs. Lobrovich to prune her demand down to something that makes sense for this widow, and I will get out the arithmetic and show her how she would save money by settling. However, you know I'm not going to get anywhere if her demand is substantial enough to give it to Lobrovich rather than lose it in fees and costs in resisting Mrs. Lobrovich. In either event, the result would be the same to Mrs. Georgison and with her present feeling, I know she would prefer it not going to Mrs. Lobrovich.

"I suggest you get in touch with your client and let me know your intentions because it seems a little ridiculous with an estate of this size to exhaust it with attorney's fees."

This letter does not only expressly state that the claim has been rejected but moreover the necessity of suit, the availability of strong defenses against such suit, the intention to carry on the defense to appeal, and the taking of appeal from the order granting permission to file the claim. It cannot leave the slightest doubt as to the intent of the executrix to oppose (reject) the claim presented. The statements as to the condition of the estate and the desirability of a settlement cannot have the effect of hiding said rejection because they are made in direct relation to it. The invitation of a settlement offer for a substantially lower amount than the one claimed cannot cause any doubt as to the definitive character of the rejection of the claim as presented. ■ "The code does not provide that any formal notice of rejection be served, but merely requires that the notice be in writing." (*San Francisco Bank* v. *St. Clair, supra,* 47 Cal.App.2d at p. 201.) The letter is a notice of rejection in writing and an unambiguous one.

■ Appellant's contention that it was error to strike the testimony of her attorney, that he read the letter, that at the time he attached no significance to it as a notice of rejection and deemed it solely a letter inviting settlement negotiations, is based on the following language in the San Francisco Bank case, *supra,* (at p. 201) : "There was nothing in the caption or title of the papers served by the executrix to indicate that a rejection of the claim was contained therein, and if the rejection had escaped the notice of respondent it might then be heard to say that it had not received such

'notice in writing' as the statute contemplates." The language has no application to our case. In the San Francisco Bank case the rejection was hidden in a document intended for another purpose and for all persons interested in the estate, so that it could without fault of the claimant escape his notice if his attention was not expressly called to it. Here the letter is addressed to the attorneys of claimant only and is concerned with nothing but respondent's opposition to the claim and the consequences of the rejection. The testimony stricken does not say that the rejection escaped the attorney's attention, but gives the attorney's individual understanding of the letter, which he read, an understanding contrary to what we have found to be its unambiguous meaning.
■ When a document is reasonably susceptible of one meaning only, that meaning is binding and an individual misinterpretation is no excuse. (*Cf.* Rest. Contracts, § 501, com. (b) "If the misunderstanding is due to the fault of one party and the other party understands the transaction according to the natural meaning of the words or other acts, both parties are bound by that meaning.") The misinterpretation is then irrelevant and evidence as to it should be excluded.

With respect to an estoppel to rely on the statute because of settlement negotiations as here opened by the letter of December 19, 1952, it is said in 34 American Jurisprudence 330: "Clearly, an estoppel to plead the statute does not arise in every case in which there are negotiations for a settlement of the controversy." In this case the delay in commencing action was not induced by any representation of defendant that an amicable settlement would be reached. ■ There was no more than an advice to explore the possibility of a settlement pointing out the difficulty of reaching one. Such is an insufficient basis for estoppel to plead the statute. (*Cf. Lo Bue v. Porrazzo,* 48 Cal.App.2d 82, 86 [119 P.2d 346].) Moreover the negotiations ended with a letter of the attorneys of executrix of February 12, 1953, stating that any settlement above $2,000 was out of the question and a letter of the attorneys of plaintiff of February 13, rejecting that offer and stating that they would have to proceed if no counteroffer close to $5,000 was made. At that time there were still more than five weeks available until the end of the period of limitation. No counteroffer was made but nevertheless plaintiff failed timely to bring action. ■ If there is still ample time to institute the action within the statutory period

after the circumstances inducing delay have ceased to operate, the plaintiff who failed to do so cannot claim an estoppel. (Ann. 130 A.L.R. 8, 19; 24 A.L.R.2d 1413, 1423 and cases there digested.)

■ Appellant's contention that the statute was tolled during the pendency of the appeal of the order granting leave to file the claim is based on the well recognized rule "that the running of the statute of limitation is suspended during any period in which the plaintiff is legally prevented from taking action to protect his rights." (*County of Santa Clara* v. *Hayes Co.*, 43 Cal.2d 615, 618 [275 P.2d 456].)

■ However, plaintiff was not legally prevented from bringing action to establish her claim in the estate pending such appeal. The order granting leave to file the claim was self-executing because it requires no process of the court to carry it into effect. The appeal does not stay the effectiveness of such an order. (*Cf. Caminetti* v. *Guarantee Union Life Ins. Co.*, 22 Cal.2d 759, 763 [141 P.2d 423].) ■ Process is a means whereby a court compels a compliance with its demands. (See definition of process "in practice" in Black's Law Dictionary.) No means of compelling compliance derived from the Alameda Superior Court or its officers except the order itself was required to enable appellant to bring her action in the Santa Clara Superior Court. We see in this respect no distinction from the facts in the Caminetti case, *supra*, in which it was held that an order approving a re-habilitation agreement under the Insurance Code was self-executing and that the power of the Insurance Commissioner to perform the terms of the agreement was not stayed by an appeal from said order and could not be stayed by a writ of supersedeas. It was there pointed out that the commissioner was not an officer of the court. No more is in this case appellant in bringing her action, or the Santa Clara Superior Court in considering it, acting as an officer of the Alameda Superior Court, which granted the permission.

Neither was appellant practically prevented from bringing the action pending the appeal by unsurmountable factual difficulties like those present in *Christin* v. *Superior Court*, 9 Cal.2d 526 [71 P.2d 205, 112 A.L.R. 1152], on which case she relies. Although there would be some risk in bringing action before the permission was final, such risk is not greater than is normally borne by a litigant who brings action relying on the undecided merits of his cause. To restrict the risk the proceedings in the Santa Clara action could, after their

timely commencement, be continued until after the final decision of the appeal. Actually, appellant followed exactly this procedure, commencement of the action pending the appeal and continuation of the trial until after its final decision, but she started said procedure some two weeks too late. The fact that this delay did not prejudice respondent is irrelevant. ''The statute of limitation is a positive rule of law, and the courts must, when it is pleaded, be governed by it where it applies . . .'' (*Adams* v. *Hopkins,* 144 Cal. 19, 28 [77 P. 712]). As a statute of repose it prevents the bringing of action after the period provided for, independent of the existence of prejudice to the defendant.

Judgment affirmed.

A petition for a rehearing was denied October 24, 1956, and appellant's petition for a hearing by the Supreme Court was denied November 21, 1956.