[Civ. No. 30274.    Second Dist., Div. Two.    Dec. 12, 1966.]

CARL BURTON NUTT, Plaintiff and Appellant, v. MARY LOUISE NUTT, Defendant and Respondent.

Richard H. Oftedal for Plaintiff and Appellant.

Sweeney, Irwin, Cozy & Foye, and M. J. Diederich for Defendant and Respondent.

FLEMING, J.—Carl Nutt appeals from a 1965 order authorizing execution in an amount of $14,334 in favor of Mary Nutt Buscarino on a 1943 judgment which had ordered him to pay child support of $50 a month. He claims the trial court abused its discretion in granting his former wife's motion to issue execution on a judgment for the first time after a lapse of 22 years.

In April 1943, in the Los Angeles Superior Court, Mary obtained an interlocutory decree of divorce from Carl, custody of their two children, Carole and Verna, and an order for $50 a month child support. But Carl left California for his former home in Little Rock, Arkansas, and never paid child support, and, according to Mary's affidavit, she supported Carole and Verna by working as a waitress until each daughter was married. In 1965 Mary sought to execute on the 1943 child support order, whose amount for the period April 1943 to December 1956, with interest, then exceeded $16,000, and in support of her motion declared she had not previously sought a writ of execution "(1) because I knew he . . . had no assets and (2) he has been absent from the State of California for almost all of the time since the judgment." Testimony at the subsequent hearing established that Carl had lived continuously in Arkansas since the time of the divorce. Present assets of Carl in California from which Mary's judgment could now be satisfied arose out of his interest of approximately $15,000 in the insurance proceeds of his deceased daughter, Verna, who was killed in a plane crash in 1964 with her husband and three children. The trial court ordered execution to issue against Carl for $14,334, with interest from April 8, 1965.

Even though more than 10 years had passed since the entry of judgment, Mary, on a proper showing, could still obtain execution to enforce the judgment. "In all cases the judgment may be enforced or carried into execution after the lapse of 10 years from the date of its entry, by leave of the court, upon motion, and after due notice to the judgment debtor accompanied by an affidavit or affidavits setting forth the reasons for failure to [obtain a writ of execution within 10 years under section 681]. . . ." (Code Civ. Proc., § 685.) Before 1955 the time for execution on a judgment without leave of court was five years, and the five-year period applies to the present case. To enforce a judgment after the

statutory period has expired a creditor must show that he exercised due diligence in attempting to enforce the judgment within the 10-year period (here five years) or that he acted reasonably in concluding that efforts to execute against the debtor would have been wasteful and futile. (*Lohman* v. *Lohman,* 29 Cal.2d 144, 148-149 [173 P.2d 657]; *Georgison* v. *Georgison,* 43 Cal.2d 550 [275 P.2d 3].) ██ Carl had removed himself from the State of California after the divorce. Mary testified the parties acquired no property during the time of their marriage, and to her knowledge her former husband acquired none in California since their divorce. ██ By analogy with the statute of limitations, absence from the state of the judgment debtor and his property tolls the running of the time to seek a writ of execution and constitutes good reason for a failure to apply for the writ within the statutory period. (Code Civ. Proc., § 351.)

But Carl argues that his former wife should have been denied relief under section 685 for lack of diligence, because she made no attempt whatever to determine whether or not he had property within the State of California. He contends that since she neglected to make a search, the trial court erred in granting her motion for execution, for it was ''incumbent upon defendant [Mary Nutt] to make at least some search for assets whch might have been left in California. After all . . . [they] had been living in California for six years prior to their divorce, and it is very possible that . . . [he] might have left some money in a bank, . . . or some other assets when he went to . . . Arkansas after the divorce. At least defendant should have looked . . .'' Although Carl now claims Mary should have made a search, he gives us no indication where she should have looked or where she might have found anything. He does not specifically claim to have had assets in California at any time, either before, during, or after his marriage to Mary, but still he suggests due diligence required Mary to make an active search for property on which to execute. We disagree. Under the circumstances of this case any generalized attempt to locate and levy upon assets of Carl's in California would have been throwing good money after bad, comparable to looking for the pot of gold at the end of the rainbow. ██ While Code of Civil Procedure, section 685 requires a judgment creditor to exercise due diligence to locate existing assets of a judgment debtor prior to the lapse of 10 years (formerly five), if it appears from affidavits that the judgment debtor had no assets ''the court will

not demand that needless acts should have been done before ordering the issuance of an execution under section 685." (*Wolfson* v. *Haddan,* 105 Cal.App.2d 147, 149 [233 P.2d 145].) "The applicant for the writ need not always show that an unsuccessful attempt was made to locate and levy on property of the judgment debtor." (*Serna* v. *Serna,* 91 Cal.App.2d 292, 294 [204 P.2d 896].)

We conclude that Mary Nutt Buscarino's prior failure to seek a writ of execution against Carl Nutt was excused, that she was not chargeable with a lack of diligence, that the order for execution properly issued.

The order is affirmed.

Roth, P. J., and Herndon, J., concurred.

A petition for a rehearing was denied December 28, 1966.