141 F.3d 1177
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Cheryl A. MEAD, Plaintiff-Appellant,
v.
The REGENTS OF THE UNIVERSITY OF CALIFORNIA; Donald L.
Curry, Defendants-Appellees.
 No. 97-15650.
D.C. No. CV-95-02270-GEB.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 12, 1998.
Decided April 1, 1998.
 
 Appeal from the United States District Court for the Eastern District of California Garland E. Burrell, District Judge, Presiding.
 Before CANBY and REINHARDT, Circuit Judges, and RESTANI, Judge.**
 
 
 1
 MEMORANDUM*
 
 
 2
 Cheryl A. Mead ("Mead") appeals the District Court ruling that her claims of sex discrimination and retaliation under 42 U.S.C. § 1983 and 20 U.S.C. § 1681 et seq. are barred by the statute of limitations. We affirm.
 
 Background
 
 3
 Cheryl Mead was a doctoral student in the Ecology Department at the University of California at Davis from 1990-1994. Mead alleges that during this time she encountered discrimination based on her sex. On September 1, 1994, appellee Donald L. Curry sent Mead a letter informing her of her failure to fulfill certain requirements, and consequently dismissed her from the graduate program, effective from September 1, 1994. Mead received this letter on September 8, 1994. Mead then sought reinstatement as a graduate student by appealing her dismissal to the Administrative Committee of the Graduate Council ("ACGC"). On December 16, 1994, Curry sent Mead a letter informing her that the ACGC had denied her appeal and that her "status as a non-student ha[d] been confirmed."
 
 
 4
 Mead filed this action against Curry and the Regents of the University of California on December 14, 1995, alleging violation of both federal and state laws. Finding that Mead's cause of action accrued on September 8, 1994, the District Court held that Mead's claims were time-barred by the one-year state statute of limitations, and that the defendants were not estopped from asserting the statute of limitations as a defense. The District Court therefore granted the defendants' motion for summary judgment and dismissed Mead's state law claims for lack of supplemental jurisdiction.
 
 Discussion
 
 5
 In the absence of a statutorily-prescribed period within which Mead was required to file her complaint, state law provides the statute of limitations. Wilson v. Garcia, 471 U.S. 261, 276-80, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). Under California law the statute of limitations for Mead's claim is one year. Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir.1993). Since the Supreme Court's decision in Delaware State College v. Ricks, 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980), reaffirmed shortly thereafter in Chardon v. Fernandez, 454 U.S. 6, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981), it has been well-settled that for purposes of accruing statutes of limitations in discrimination cases, the relevant date is when the individual is aware of or should be aware of the unlawful acts that cause injury. See Chardon, 454 U.S. at 8; Ricks, 449 U.S. at 262 n. 16; Fobbs v. Holy Cross Health Sys. Corp., 29 F.3d 1439, 1444 (9th Cir.1994); Hoesterey v. City of Cathedral City, 945 F.2d 317, 319 (9th Cir.1991).
 
 
 6
 Mead asserts in her appellate brief that her cause of action did not accrue until the institution, rather than one individual who may be biased, or abusing his power, put its imprimatur on the decision to dismiss her, that is, until the ACGC had ruled on her appeal. Mead's argument, however, relies on a mischaracterization of the University's procedures. The letter sent to her by Curry informing her of his decision to dismiss her from the graduate program was not a preliminary or tentative notice, subject to final approval or authorization by the ACGC. Cf. McCoy v. San Francisco, City & County, 14 F.3d 28, 30 (9th Cir.1994). The University of California at Davis Graduate Student Handbook clearly authorizes the Dean of Graduate Studies (i.e., Curry) to disqualify students from the program, at his discretion. Curry's dismissal letter to Mead confirms his sole authority. He did not tell Mead that he would recommend dismissal to the ACGC, or to any higher authority, but rather, he single-handedly terminated her status as a student in the Ecology Department.
 
 
 7
 Furthermore, the Graduate Student Handbook identifies the role of the ACGC as an appellate body which may reconsider the dismissal and recommend against it. The optional appeal procedure by which Mead sought to overturn Curry's decision to dismiss her does not alter the fact that the dismissal decision had been made and communicated to Mead by September 8, 1994. In examining a similar situation in Ricks, in which a faculty member sought review by an appellate committee of a decision not to grant him tenure, the Supreme Court expressly declined to allow the grievance procedure to extend the statute of limitations, which commenced running when the employer's decision was made. 449 U.S. at 261.
 
 
 8
 Further, Mead's allegations, taken as true, do not establish an estoppel stemming from the appeals process and advice relating thereto. The appeals process ended well within the limitations period and, therefore, Mead was not lulled into complacency until a time after the expiration of the limitations period. Compare Santee v. Santa Clara County Office of Educ., 220 Cal.App.3d 702, 716, 269 Cal.Rptr. 605 (1990) (two months remaining before end of statutory period warranted denial of estoppel claim) with Lobrovitch v. Georgison, 144 Cal.App.2d 567, 301 P.2d 460, 463-64 (Cal.Dist.Ct.App.1956) (five weeks remaining before end of statutory period warranted denial of estoppel claim). As the district court properly dismissed the federal claims, supplemental jurisdiction over the state law claims is lacking. Accordingly, we affirm the decision of the District Court.
 
 
 9
 AFFIRMED.
 
 
 
 **
 Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3