Filed 8/31/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| VISHVA DEV, M.D., INC., | B270094 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC559891) |
| v. | |
| BLUE SHIELD OF CALIFORNIA LIFE & HEALTH INSURANCE COMPANY et al., | |
| Defendants and Respondents. | |

        APPEAL from a judgment of the Superior Court of Los Angeles County, Susan Bryant-Deason, Judge.  Affirmed.

        Pick & Boydston and Brian D. Boydston for Plaintiff and Appellant.

        Manatt, Phelps & Phillips, John M. LeBlanc, Jeffrey J. Maurer, and Joanna S. McCallum for Defendants and Respondents.

_____

Vishva Dev, M.D., Inc. (Dev) provided emergency medical services to two individuals who had health care coverage through Blue Shield of California Life Insurance Company (Blue Shield Life) and one individual who had health care coverage through California Physicians Services, also known as Blue Shield of California (Blue Shield California).  Dev submitted bills for its services for each of the individuals to their respective insurers.  Blue Shield Life and Blue Shield California refused to pay or agreed to pay only a fraction of the amount billed, informing Dev of their decisions regarding each bill in written Explanation of Benefits (EOB) letters.  Dev appealed each of those decisions, seeking to increase Blue Shield Life's and Blue Shield California's payments through those entities' internal review processes.

Blue Shield Life and Blue Shield California, however, continued to refuse to pay Dev's bills fully, and Dev filed a complaint asserting breach of contract and quantum meruit, the latter of which is at issue in this appeal.  In response, Blue Shield Life and Blue Shield California filed a joint motion for summary judgment or summary adjudication on the ground that the two-year statute of limitations applicable to claims for quantum meruit began to run when Dev received the EOB letters, which were an unequivocal denial of payment.  Because Dev filed suit more than two years after receiving those letters, Blue Shield Life and Blue Shield California argued, its claims for quantum meruit were time-barred.  The trial court agreed, and granted the joint motion for summary adjudication.  Dev contests the judgment on appeal.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *The Parties*

Blue Shield Life is an insurance company licensed and regulated by the California Department of Insurance and subject to the Insurance Code.  It offers life and health insurance policies to residents of California.

Blue Shield California is a health care service plan, which is licensed and regulated by the California Department of Managed Health Care, and offers health care coverage to California residents under managed care plans.

2

Dev is a California professional corporation owned by Dr. Vishva Dev, M.D., a cardiologist who renders emergency care to patients who present with an emergency medical condition at an emergency room where he practices. During the relevant time period, Dev did not have a contract with either Blue Shield Life or Blue Shield California.

B.     *Services Provided*

On February 14, 2011, Dev provided emergency services to patient 8982, who was insured under a policy issued by Blue Shield Life. On June 11, 2012, Dev provided emergency services to patient 9025, who was also insured by Blue Shield Life. On August 5, 2012, Dev provided emergency services to patient 10481, who had coverage under a managed care plan issued by Blue Shield California.

C.     *Billings & Internal Appeals*

Dev submitted bills to Blue Shield Life for its treatment of Patients 8982 and 9025.

1.     *Patient 8982*

On March 8, 2011, Blue Shield Life sent Dev a written EOB explaining the amount Blue Shield Life would pay Dev for the services rendered to patient 8982. The EOB reflected that Dev billed $24,610 for services and that Blue Shield Life's allowed amount was $1,775.90, which would be applied to the patient's deductible with no remainder left to be paid by Blue Shield Life to Dev. On June 27, 2012, Dev filed an appeal to Blue Shield Life, demanding that the reductions "be reversed and an additional payment be made."

In response, Blue Shield Life sent Dev a form letter, dated July 5, 2012, acknowledging receipt of the appeal, and stating "[w]e will research your appeal and issue a written determination, including the pertinent facts and an explanation of the determination, within 45 working days of the date the appeal was received." On August 31, 2012, Blue Shield Life sent Dev a letter denying the appeal on the ground that it had been submitted after the 365-day filing limit set forth in Blue Shield Life's appeal guidelines. Dev submitted a second appeal on January 15, 2013. On March 26, 2013,

3

Blue Shield Life sent Dev a letter indicating that the review department had determined that Dev rendered emergency services, and, therefore, Dev would receive an amended EOB and payment of $4,892.79, which was significantly less than the bill Dev submitted.

### 2.    *Patient 9025*

On June 22, 2012, Blue Shield Life sent Dev a written EOB explaining the amount Blue Shield Life would pay Dev for the services rendered to patient 9025.  The EOB reflected that Dev billed $44,000 for the services rendered on June 11, 2012.  Blue Shield Life's allowed amount for emergency services was $5,207, and $1,648.78 would be applied to the patient's deductible.  The patient's co-pay was $1,245.38, and Blue Shield Life would pay Dev the remaining amount, $2,312.04.  On August 21, 2012, Dev submitted an appeal to Blue Shield Life.  On October 2, 2012, Blue Shield Life denied the appeal and stated that it had paid the appropriate amount to Dev.  Dev filed a second appeal on January 15, 2013.  On March 26, 2013, Blue Shield Life denied the second appeal on the ground that it had been submitted more than 65 days after the initial denial.  On August 14, 2013, Dev filed a third appeal.  On August 20, 2013, Blue Shield Life sent a form letter acknowledging receipt and stating it would issue a written determination in 45 days.  On October 10, 2013, Blue Shield Life upheld the denial.

### 3.    *Patient 10481*

Dev submitted a bill for $18,000 to Blue Shield California for its treatment of patient 10481.  On August 5, 2012, Blue Shield California sent Dev an EOB for services rendered, which reflected that its allowed amount was $2,034, and that the entire amount would be applied to the patient's deductible with no remainder left for Blue Shield California to pay Dev.  On September 11, 2012, Dev submitted an appeal.  On December 6, 2012, Blue Shield California sent a form letter acknowledging the appeal and stating that it would issue a determination within 45 days.  On January 15, 2013, Dev submitted a second appeal.  Blue Shield California sent Dev a denial letter on March 26, 2013, stating that it upheld its denial.

D.	*Proceedings Below*

Dev filed this action on October 7, 2014 and a first amended complaint on March 12, 2015.  On August 21, 2015, Blue Shield Life and Blue Shield California filed a joint motion for summary judgment or summary adjudication alleging that Dev's claims for quantum meruit were barred by the two-year statute of limitations.[1]  The trial court granted the motion on November 5, 2015, and subsequently entered judgment against Dev and in favor of Blue Shield Life and Blue Shield California.  Dev timely appealed.

## DISCUSSION

The statute of limitations for quantum meruit claims is two years.  (Code Civ. Proc., § 339.)  Generally, the statute of limitations commences when a party knows or should know the facts essential to the claim.  (*Gutierrez v. Mofid* (1985) 39 Cal.3d 892, 896-897.)  The sole issue in this case is when Dev knew or should have known the facts essential to its quantum meruit claim—that Blue Shield Life and Blue Shield California denied payment of Dev's medical bills for the emergency services it performed for their insureds.  Dev argues that the limitations period began to run at the end of the insurers' optional appeals process.  Blue Shield Life and Blue Shield California argue that it began to run when they formally denied Dev's claims in writing in the original EOBs.

California courts have taken the latter approach in the case of homeowner's insurance.  For example, in *Prudential-LMI Com. Insurance v. Superior Court* (1990) 51 Cal.3d 674, 678, the California Supreme Court held that the statute of limitations begins to run once the insurer has issued an unequivocal denial of payment in writing.  In that case, the insured brought an action against the insurer for bad faith denial of

---

[1]  Blue Shield Life and Blue Shield California also argued two alternative grounds for summary judgment or summary adjudication in their joint motion, which the trial court did not address in its judgment.  Specifically they argued:  (1) Dev could not establish the elements of quantum meruit and (2) Dev had no right to payment in excess of amounts set forth in Blue Shield Life's contracts with its members.  Because we affirm the trial court's judgment that Dev's claims for quantum meruit are time-barred, we need not address these alternative grounds.

coverage of losses resulting from damage to the insured's property.  The court reasoned that an unequivocal denial of payment in writing gave the insured knowledge of the facts essential to the insured's claim—bad faith denial of coverage—and, therefore, started the limitations period.  (*Ibid*.)

Here, Dev received a written EOB notice for patient 8982 on March 8, 2011, which unequivocally stated that Blue Shield Life would not pay Dev's bill.  Dev received a written EOB notice for patient 9025 on June 22, 2012, which unequivocally stated that Blue Shield Life would pay only a small portion of Dev's bill.  Dev received a written EOB notice for patient 10481 on August 15, 2012, which stated that Blue Shield California would not pay Dev's bill.  These EOBs all put Dev on notice that its claim for payments were being denied in part or in whole, which was the essential fact of Dev's quantum meruit claims.  Dev filed this lawsuit on October 7, 2014, more than two years after receiving these notices.  Its claims are, therefore, time-barred.

Dev argues, however, that its claims are not time-barred because its causes of action for quantum meruit did not accrue until the conclusion of its communications regarding its appeals of the EOBs with Blue Shield Life and Blue Shield California— March 26, 2013 as to patient 8982, August 20, 2013 as to patient 9025, and December 6, 2012 as to patient 10481.  Dev also argues that even if they were time-barred, the insurers should be estopped from raising the statute of limitations defense because Dev reasonably relied on the appeals process to resolve any payment issues.  Dev claims that the subsequent correspondence between the parties created an "expectation for compensation," which undercut the denials contained in the EOBs, or rendered them equivocal.

Although there is no case regarding the effects of an internal, voluntary appeal process on the statute of limitations in the context of an insurer's denial of a medical provider's claims for payment, there are several cases in the home insurance context holding that an insurer's willingness to consider additional evidence, or provide a voluntary appeal process, after it had given unequivocal notice that a claim was rejected did not toll the limitations period.  (See, e.g., *Singh v. Allstate Ins. Co.* (1998)

6

63 Cal.App.4th 135, 143–144 (*Singh*) [fire insurance]; *Migliore v. Mid-Century Ins. Co.* (2002) 97 Cal.App.4th 592, 605 (*Migliore*) [earthquake insurance].)[2]

For example, in *Singh,* the insureds (homeowners) argued that "there was a . . . period of equitable tolling because [the insurer] reconsidered their claim [of loss from fire damage]." (*Singh*, *supra*, 63 Cal.App.4th at p. 137.) The appellate court disagreed, concluding that "[t]he justifications for equitable tolling are absent, once the carrier has initially denied the claim. The policies supporting the shortened limitation period are then fully applicable, and no reason for further tolling exists." (*Id.* at p. 142.)

Similarly, in *Migliore*, *supra*, 97 Cal.App.4th at p. 605, the appellate court held that the insurer's letter refusing further payment on the homeowner insured's claim for earthquake damage was an "unequivocal denial" and, thus, began the statute of limitations period for suing under the policy, even though the letter invited the insured to submit additional information relevant to the claim and stated its "willingness to reconsider" based on new information.

Importantly, the language of the denial letter in *Singh,* which the plaintiffs claimed made it equivocal, is precisely the language used in Blue Shield Life and Blue Shield California's EOBs, which Dev claims created an "expectation for compensation." Specifically, the *Singh* court noted that "[insurer's] letter told plaintiffs their claim was denied, but stated that, if plaintiffs had any further information they would like [the insurer] to consider, to bring the information to [its] attention." (*Singh*, *supra*, 63 Cal.App.4th at p. 143.) Blue Shield Life's and Blue Shield of California's EOBs stated that "[i]f you have questions about your claim or your claim has been denied and you believe that additional information will affect the processing of your claim, you should contact [the] Customer Service Department. . . . [¶] [¶] If you are not satisfied with [its] response to your inquiry, you may initiate an appeal in writing." In *Singh,* the

---

[2] There are also cases in the employment context holding that when an internal appeal process of employment termination is optional, it will not toll the statute of limitations for a wrongful termination claim. (See, e.g., *Williams v. Housing Authority of Los Angeles* (2004) 121 Cal.App.4th 708, 737-738.)

court concluded that "[t]he extension of a courtesy, to look at anything else that plaintiffs might have to offer, did not render the denial equivocal." (*Ibid.*) That conclusion applies with equal force here where the plaintiff was a medical provider rather than the insured. The fact that Blue Shield Life and Blue Shield California provided an optional appeals process does not change the finality of their denial of Dev's claims. Just as with the denial in *Singh,* the EOBs "could hardly be . . . more unequivocal denial[s]. There was nothing tentative or conditional about [them]." (*Ibid.*)

Moreover, under Dev's theory, any party engaging in an insurance company's optional appeal process could continuously toll the statute of limitations, thereby rendering it a nullity. (*Singh*, *supra*, 63 Cal.App.4th at p. 145 ["By the simple expedient of making many requests for reconsideration, claimants could extend the [limitations period] at will with successive periods of tolling."].) As the Ninth Circuit explained: "Holding that [the insurer] may inadvertently extend the limitations period by answering claimants' inquiries or by considering new information 'would contravene a strong public policy to encourage an insurance company to reconsider its original denial when confronted with potentially new facts. If insurance companies were saddled with the situation that whenever [they] reconsidered an earlier decision it would inaugurate a new limitations period, companies would be reluctant to offer policy holders the luxury of a second evaluation.' " (*Wagner v. Director, Federal Emergency Mgmt. Agency* (9th Cir. 1988) 847 F.2d 515, 521.)

Finally, as to Dev's argument that applying the statute of limitations to its case permits the "callous dumping of responsibility," we note that California courts have consistently acknowledged both the harshness and the necessity of the bar of the statute of limitations. As a matter of policy, this defense "operates conclusively across-the-board. It does so with respect to *all* causes of action, both those that do not have merit and also those that do. That it may bar meritorious causes of action as well as unmeritorious ones is the 'price of the orderly and timely processing of litigation' [citation]—a price that may be high, but one that must nevertheless be paid." (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 410, fn. omitted.)

In sum, Dev had knowledge of the facts giving rise to its claim of quantum meruit when it received the EOBs, with their unequivocal denial of its bills, more than two years prior to filing this lawsuit. Dev engaged in a voluntary appeals process with Blue Shield Life and Blue Shield California, which did not change or undercut the EOBs' denials of Dev's claims. Accordingly, Dev's quantum meruit claims are time-barred, and the trial court correctly entered judgment on that basis.

## DISPOSITION

The judgment is affirmed. Each party shall bear its own costs on appeal.

CERTIFIED FOR PUBLICATION.

ROTHSCHILD, P. J.

We concur:

JOHNSON, J.

LUI, J.

9