NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IV SOLUTIONS, INC., | No. 18-55613 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-05615-ODW-SK |
| v. | |
| EMPIRE HEALTHCHOICE ASSURANCE, INC., DBA Empire Blue Cross Blue Shield, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted January 8, 2020
Pasadena, California

Before: WATFORD and BENNETT, Circuit Judges, and RAKOFF,** District
Judge.

IV Solutions, Inc. ("IVS") appeals the district court's order dismissing its

breach of contract claim with prejudice on statute of limitations grounds. We have

---

*  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**  The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

jurisdiction under 28 U.S.C. § 1291. We affirm the district court's dismissal of the breach of contract claim, but we reverse its denial of leave to amend and therefore remand with instructions to grant IVS leave to amend. We affirm the district court's rejection of the doctrines of equitable tolling and equitable estoppel.

We review a district court's dismissal on statute of limitations grounds de novo, "accepting all factual allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party." *Gregg v. Hawaii, Dep't of Pub. Safety*, 870 F.3d 883, 886–87 (9th Cir. 2017) (internal quotation marks omitted) (quoting *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999)). De novo review also applies to "a decision granting a motion to dismiss with prejudice, *i.e.,* without leave to amend." *Schmier v. U.S. Court of Appeals for Ninth Circuit,* 279 F.3d 817, 824 (9th Cir. 2002). "The district court's decision regarding equitable tolling is 'generally reviewed for an abuse of discretion, unless the facts are undisputed, in which event the legal question is reviewed de novo.'" *Hensley v. United States*, 531 F.3d 1052, 1056 (9th Cir. 2008) (quoting *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1175 (9th Cir. 2000), *overruled on other grounds by Socop-Gonzalez v. INS*, 272 F.3d 1176 (9th Cir. 2001) (en banc)). And we review a district court's decision on equitable estoppel for an abuse of discretion. *See O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1109 (9th Cir. 2006) (per curiam).

2

Drawing all reasonable inferences in favor of IVS, the complaint sufficiently alleges that the breach of contract claim is founded upon a written instrument. Thus, the district court correctly determined that IVS's breach of contract claim is subject to a four-year statute of limitations. *See* Cal. Civ. Proc. Code § 337. The district court also correctly concluded that, based on the allegations in the complaint, IVS's breach of contract claim is barred by the statute of limitations.

The parties' contract didn't specify a time for Empire HealthChoice Assurance, Inc.'s ("Empire's") performance, so the parties agree that California Civil Code section 1657 determines when Empire needed to perform, and in turn when the statute of limitations started running. Section 1657 specifies that a party must generally perform within a reasonable time, but if the party's act can be "done instantly--as, for example, if it consists in the payment of money only--it must be performed immediately upon the thing to be done being exactly ascertained." Cal. Civ. Code § 1657.

Though the district court relied exclusively on the reasonable time provision in section 1657—an issue the parties did not brief—we conclude that IVS's claim is untimely under either the reasonable time provision or the immediate payment provision, given the allegations pleaded in the complaint.

Applying the immediate payment provision under section 1657, we can reasonably infer from the complaint that Empire's obligation to pay was

ascertainable by October 4, 2012, at the latest, because the alleged agreement provided that Empire would pay "IVS's billed charges." So Empire was required to immediately pay at that time under section 1657. Empire's failure to pay on that date was a breach, and the statute of limitations started running. *See Cochran v. Cochran*, 66 Cal. Rptr. 2d 337, 340 (Ct. App. 1997). Thus, as pleaded, IVS's breach of contract claim brought in June 2017 was barred by the statute of limitations.

Likewise, for IVS's claim to be timely under the reasonable time period approach, the breach must have occurred, at the earliest, on June 23, 2013, four years before IVS filed its complaint. At that time, over nine months had passed since IVS provided its last treatment. IVS's complaint does not allege any facts that would make Empire's failure to pay reasonable by that point in time.

While either approach supports the district court's conclusion, the district court should have allowed IVS to amend its complaint. Empire argues that leave to amend is improper because it would be clearly futile. We disagree.

"Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment." *Polich v. Burlington N., Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991). On the limited record, it is not clear "beyond doubt that amendment of the complaint would be futile." *Ctr. for Biological Diversity v. Veneman*, 394 F.3d 1108, 1114 (9th Cir. 2005). IVS

may be able to allege additional facts in an amended complaint that show, in the health insurance context, its breach of contract claim is not barred by either provision of section 1657.[1]  *See, e.g.*, *IV Solutions, Inc. v. Connecticut Gen. Life Ins. Co.*, 2015 WL 12843822, at *11 (C.D. Cal. Jan. 29, 2015).  IVS was denied even one chance to amend its complaint, and it had no opportunity below to address the district court's basis for dismissal.  Without oral argument, the district court dismissed with prejudice IVS's claim on a ground that Empire did not raise and neither party briefed.  Moreover, the district court offered no reason why IVS should be denied leave to amend.  We therefore remand to the district court with instructions to grant IVS leave to amend.

The district court properly determined that equitable tolling does not apply based on IVS's allegations.  *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1277 (9th Cir. 1993).  The California Supreme Court "has applied equitable tolling in carefully considered situations to prevent the unjust technical forfeiture of causes of action, where the defendant would suffer no prejudice."  *Lantzy v. Centex Homes*, 73 P.3d 517, 523 (Cal. 2003).  And "[i]n each prior instance, the *brevity* of the literal limitations period would otherwise have caused forfeiture of a cause of

---

[1] We express no opinion on whether the proposed amendments in IVS's briefs would save its breach of contract claim.

5

action, or other undue hardship, despite the plaintiff's diligent efforts to pursue his claim in a correct and orderly way." *Id.* at 529.

Here, the allegations do not support that an "unjust technical forfeiture" would result absent equitable tolling. IVS had four years to bring its breach of contract claim. And even after IVS received Empire's unequivocal denial it still had over two years to file a timely suit. Thus, the allegations fail to show that equitable tolling possibly applies.

We also affirm the district court's rejection of equitable estoppel. Equitable estoppel does not apply when the plaintiff has ample time to sue within the statutory period after the conduct that has induced it to forbear suing ends. *See, e.g.*, *Mills v. Forestex Co.*, 134 Cal. Rptr. 2d 273, 298 (Ct. App. 2003). And in California a little more than five weeks is sufficient time to file suit. *See Lobrovich v. Georgison*, 301 P.2d 460, 464 (Cal. Dist. Ct. App. 1956). Here, the conduct that allegedly induced IVS to delay its suit ceased when Empire unequivocally denied the claim in June 2014. At that time IVS still had over two years to timely bring its suit, which was more than ample time.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

6