NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 21 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IV SOLUTIONS, INC., a California corporation,<br><br>                    Plaintiff-Appellant,<br><br>  v.<br><br>PACIFICARE LIFE & HEALTH INSURANCE CO., an Indiana corporation; DOES, 1-30, inclusive,<br><br>                    Defendants-Appellees. | No.    17-56609<br><br>D.C. No.<br>2:16-cv-07153-SJO-MRW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted January 8, 2020
Pasadena, California

Before:  WATFORD and BENNETT, Circuit Judges, and RAKOFF,[**] District
Judge.

        IV Solutions, Inc. ("IVS") appeals the district court's grant of summary

judgment on its breach of contract claim in favor of PacifiCare Life & Health

_____

        [*]        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        [**]        The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

Insurance Co. ("PacifiCare"). IVS also appeals the district court's denial of leave to amend its complaint. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. As the parties are familiar with the facts, we do not recount them here.

We review de novo a district court's grant of summary judgment. *See Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018). Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, "there is no genuine issue of material fact to be determined at trial." *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). We review a district court's denial of leave to amend for abuse of discretion. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

IVS brought a breach of contract claim, alleging that, based on a third-party beneficiary theory, PacifiCare had a contractual duty to pay IVS for services that IVS provided to PacifiCare's insured. The district court determined that IVS's breach of contract claim for all but one of its claims for payment (i.e., Claims '215 and '245–'252) was barred by the four-year statute of limitations. *See* Cal. Civ. Proc. Code § 337(a). The parties agree that the four-year statute of limitations applies, but they disagree over when it started to run.

The limitations period started running when PacifiCare unequivocally denied IVS's claims for payment. *See Vishva Dev, M.D., Inc. v. Blue Shield of Cal. Life & Health Ins. Co.*, 207 Cal. Rptr. 3d 185, 189 (Ct. App. 2016). We agree

2

with the district court that PacifiCare's Explanation of Benefits ("EOBs") for Claims '215 and '245–'252 were unequivocal denials. The EOBs contained clear language communicating that PacifiCare was denying the claims for payment, and nothing in the EOBs suggested that the denials were conditional or tentative. We therefore hold that IVS's breach of contract claim based on Claims '215 and '245–'252 is time-barred because the EOBs for those claims were unequivocal denials, and IVS filed suit more than four years after the date of the last EOB.

IVS's arguments to the contrary are unavailing. First, IVS argues that the EOBs were not unequivocal denials because they instructed IVS to "review the procedure codes" and "notify [PacifiCare] if any unusual treatments were performed or if there is additional information clarifying the services and/or charges." But as the district court correctly noted, PacifiCare did not condition its denial of IVS's claims on the receipt of new information, and its willingness to consider such information did not render its denial equivocal. *See Vishva Dev*, 207 Cal. Rptr. 3d at 190. Second, IVS argues that the district court failed to consider its equitable tolling argument based on PacifiCare's communications that it was reprocessing the claims. But the district court did consider this argument, and it determined that, even if the limitations period were equitably tolled for the five months during which PacifiCare was reprocessing the claims (from August 2012 to January 2013), the breach of contract claim based on Claims '215 and '245–'252

3

would still be barred. IVS fails to show that this conclusion was erroneous. Third, IVS points out that in ruling on the motion to dismiss, the district court reached a contrary result—it determined that the EOBs were not unequivocal denials. But other than pointing out this fact, IVS does not present any legal authority or argument showing that the prior decision binds the district court or this court.

We also hold that the district court correctly determined that equitable estoppel does not apply to IVS's time-barred claims. Under California law, equitable estoppel does not apply when a plaintiff has ample time to sue after the conduct that has induced it to delay its suit ends. *See, e.g.*, *Mills v. Forestex Co.*, 134 Cal. Rptr. 2d 273, 298 (Ct. App. 2003). PacifiCare's conduct that allegedly induced IVS to delay its suit ceased about three years before the limitations period lapsed. Three years was more than ample time for IVS to sue, and therefore equitable estoppel does not apply. *See Lobrovich v. Georgison*, 301 P.2d 460, 464 (Cal. Ct. App. 1956).

As for IVS's breach of contract claim for its one remaining claim for payment (i.e., Claim '185), the district court determined that the claim failed because IVS was not a third-party beneficiary under the operative 2007 contract. A third party may enforce a contract if he is an intended beneficiary of the contract. *See* Cal. Civ. Code § 1559. "A third party may qualify as a beneficiary under a contract where the contracting parties must have intended to benefit that

4

third party and such intent appears on the terms of the contract." *Jones v. Aetna Cas. & Sur. Co.*, 33 Cal. Rptr. 2d 291, 295 (Ct. App. 1994).

We agree with the district court that, under the express terms of the 2007 contract, IVS was not an intended third-party beneficiary. IVS, however, argues that there is a material factual dispute over whether the operative agreement is the 2007 contract or a 2010 contract. In reviewing this argument, we are limited to the summary judgment record presented to the district court. *See Lippi v. City Bank*, 955 F.2d 599, 604 (9th Cir. 1992).

PacifiCare submitted evidence supporting that the operative agreement was the 2007 contract. In its opposition to summary judgment, IVS mentioned the existence of the 2010 contract and provided a heavily redacted copy of the 2010 contract, but it failed to explain why this was the operative agreement and how this agreement affected its claims. This was insufficient to create a genuine factual dispute.[1] *See Hernandez*, 343 F.3d at 1112 (stating that nonmoving party "cannot defeat summary judgment with allegations in the complaint, or with unsupported conjecture or conclusory statements"). Thus, the district court correctly

---

[1] After oral argument, we ordered supplemental briefing on the applicability of the 2010 contract. The parties' supplemental briefs and supporting documents reveal that PacifiCare had produced a largely unredacted copy of the 2010 contract days before it moved for summary judgment. IVS failed to review the document production before filing its opposition. But even after IVS realized that it had a copy of the largely unredacted 2010 contract, it did not seek any relief from the district court.

determined that IVS's breach of contract claim as to Claim '185 fails because it was not an intended third-party beneficiary under the 2007 contract.

Finally, IVS argues that the district court abused its discretion by denying it leave to amend its complaint. But we agree with the district court that IVS's proposed amendments would not save its time-barred claims. The district court also found that IVS's proposed amendments would not save its breach of contract claim based on Claim '185, and IVS does not dispute that finding on appeal. Because IVS's proposed amendments would be futile, the district court did not abuse its discretion. *See Bonin*, 59 F.3d at 845.

**AFFIRMED.**[2]

---

[2] We **GRANT** PacifiCare's motion to seal Exhibits 2 and 3 attached to the Declaration of Rebecca Paradise. Dkt. No. 51. We also **GRANT** IVS's request to take judicial notice of Exhibits 2 and 3 attached to the Declaration of Eric Levinrad, Dkt. No. 56, which are the corporate Statements of Information for Viant, Inc. and Viant Payment Systems, Inc., filed with the California Secretary of State. *See* Fed. R. Evid. 201.